SAM ROSENBAUM, Respondent, *v.* FIRST NATIONAL CITY BANK OF NEW YORK, Appellant.

First Department, April 18, 1961.

*Gilson B. Gray, III,* of counsel (*Shearman & Sterling & Wright,* attorneys), for appellant.

*George Popkin* for respondent.

RABIN, J. In this action the defendant bank is sued upon its cashier's check issued to the plaintiff in exchange for a check in like amount drawn on the bank by one of its depositors to the plaintiff as payee. The bank seeks to avoid payment by reason of its alleged mistake in issuing such cashier's check in exchange for its depositor's check upon which payment had been earlier stopped.

For purposes of this appeal we find no essential difference between a situation where a bank certifies or makes payment on a check and the one here where a cashier's check is issued in exchange therefor (see *Matter of Bank of U. S.,* 243 App. Div. 287).

A bank certifying or paying a check through a mistake as to the sufficiency of the maker's account or under similar circumstances may resist payment or recover payments made thereon where the payee's position has not changed on the strength of such certification or payment. (*Metropolitan Life Ins. Co.* v. *Bank of U. S.,* 259 N. Y. 365; *Mt. Morris Bank* v. *Twenty-third*

*Ward Bank,* 172 N. Y. 244; *Irving Bank* v. *Wetherald,* 36 N. Y. 335.) The case of *Oddie* v. *National City Bank of N. Y.* (45 N. Y. 735) is not to the contrary. In that case there was no mistake on the part of the bank. There, payment on the check was intentionally made with full knowledge on the part of the bank's representative making payment that the maker's account was overdrawn, but with the expectation that the account would be made good. Thus, in effect, the bank there elected to make a loan to the maker and the payment on the check was made with the proceeds of such loan.

While the above-cited cases do not expressly set forth that the bank must show actual or potential injury by reason of the mistake, such requisite seems implicit in each of them. They all involved situations where injury or danger of injury was present. In *Metropolitan Life Ins. Co.* v. *Bank of U. S.* (*supra*) the necessity for such injury was indicated when the court characterized the defense of the bank as an " equitable " one. Such requirement was also indicated in the dictum of Judge CARDOZO in *Carnegie Trust Co.* v. *First Nat. Bank* (213 N. Y. 301, 306).

In the instant case, however, the bank would suffer no injury if it were required to make payment to this plaintiff. The depositor's account was sufficient to cover payment, and there was no danger of the bank being held liable for reimbursing itself from that account despite its failure to comply with the stop-payment order. The broad, all-inclusive exculpatory agreement made with the maker discharged whatever liability the bank may have had to the maker for its failure to comply with the stop-payment order. (*Gaita* v. *Windsor Bank,* 251 N. Y. 152.)

In effect, then, the bank, by resisting payment, is seeking to assert and protect not its rights but the rights of its depositor against the plaintiff. Such solicitude for a depositor may not serve as a basis to permit the bank to avoid the contract it made with the plaintiff when it issued the cashier's check. (*Carnegie Trust Co.* v. *First Nat. Bank, supra.*) The requirements of stability in commerce and banking dictate that the obligations of a bank on its cashier's checks be not lightly avoided.

Accordingly, the judgment should be affirmed, with costs to respondent.

BOTEIN, P. J., BREITEL, STEVENS and EAGER, JJ., concur.

Determination of the Appellate Term unanimously affirmed, with costs to the respondent.