ALLIED AUTO SALES, INC., Plaintiff Below, Appellant, v. THE PRESIDENT, DIRECTORS AND COMPANY OF THE FARMERS BANK OF THE STATE OF DELAWARE, Defendant Below, Appellee.

(*January* 26, 1966)

CAREY and HERRMANN, JJ., and MARVEL, Vice Chancellor, sitting.

*Nathan P. Michlin,* for plaintiff below, appellant.

*James T. McKinstry,* of Richards, Layton & Finger, for defendant below, appellee.

Supreme Court of the State of Delaware, No. 51, 1965.

HERRMANN, Justice:

This is an action for the recovery of the amount of a check as to which the plaintiff depositor unsuccessfully attempted to stop payment, and in payment of which the defendant bank issued its cashier's check.

These facts are undisputed:

The plaintiff was engaged in the used automobile business and maintained a regular checking account with the defendant bank. In the course of its business, the plaintiff's president, Samuel Woloshin, issued a check payable to the order of Solomon Klein, covering the purchase of an automobile. Immediately after Klein left the plaintiff's place of business, Woloshin, having become suspicious that Klein had sold him a stolen vehicle, telephoned the defendant's nearby branch office and directed the branch manager to refuse payment of the check. This telephone conversation took place sometime between 2:00 and 2:20 P.M. Klein was at the branch office at the time of the telephone call. He was thereupon informed that the plaintiff's check, which he was then tendering, would not be cashed because he was not a customer of the bank. After Klein left with the check, the branch manager immediately telephoned Woloshin, told him of the status of the matter, and suggested that Woloshin call the bookkeeping department at the main Wilmington office of the defendant bank if he wished to stop payment of the check. Immediately thereafter, Woloshin telephoned the defendant's main Wilmington office, spoke with a clerk in the bookkeeping department, and told her he wanted payment on the check stopped, giving her the reason therefor, and stating the urgency of the situation. Shortly after 2:30 p.m., Klein presented the plaintiff's check to a teller at the defendant's main Wilmington office, located more than a mile from the branch office at which the check was first presented. Klein was referred to the assistant cashier who telephoned the supervisor of the bookkeeping department (located in the same building) to ascertain whether the check was good. The reply was that

there were sufficient funds in the plaintiff's account to cover the check and that there was no stop payment order. The supervisor was then informed by the assistant cashier that the check was being paid, and he was instructed to have the amount of the check held against the account. In compliance with Klein's request, the assistant cashier issued a cashier's check to Klein in payment of the plaintiff's check. At about 2:45 p.m., after the issuance of the cashier's check and the departure of Klein, the supervisor of the bookkeeping department learned of Woloshin's stop payment order "in the usual course of the banking procedures" of the defendant. The next day, Klein presented the cashier's check at the defendant's Smyrna branch; and it was paid. This suit followed.

The plaintiff's basic contentions are that the defendant wrongfully failed to stop payment on the check pursuant to the plaintiff's stop payment order; that, therefore, it was incumbent upon the defendant to countermand its cashier's check in order to forestall ultimate payment to Klein. The Superior Court granted the defendant's motion for summary judgment. The plaintiff appeals.

Negligence is the crux of the first facet of the plaintiff's claim, the issues being whether the defendant exercised due and reasonable care and diligence under the circumstances and, if not, whether such failure was the proximate cause of the plaintiff's loss. *National Dredging Co. v. President, etc., of Farmers Bank of State of Delaware*, 6 Pennewill 580, 69 A. 607, 16 L.R.A.,N.S., 593 (1908); *Thomas v. First National Bank of Scranton*, 376 Pa. 181, 101 A.2d 910 (1954).

The question before us on the appeal is the usual one when summary judgment has been granted in favor of the defendant in a negligence action: Has the defendant discharged its burden to demonstrate, to a reasonable certitude, that there is no issue of fact for trial which, if resolved in favor of the plaintiff, would hold the defendant liable to the plaintiff on the claim? *Williamson v. Wilmington Housing Authority*, Del., 208 A.2d 304 (1965).

We are unable to say that there is no such issue. The ultimate

question in the case is whether the defendant's employees, in the bookkeeping department at its main office, acted with due and reasonable care and diligence, in response to the plaintiff's stop payment order, in view of the fact that the order was not of record in the bookkeeping department when the assistant cashier made inquiry of that department regarding the status of the account, before issuing the cashier's check to Klein. We cannot say, on the record before us at this stage, that the answer to that question must be in favor of the defendant; we cannot say, as a matter of law, that the defendant's employees were not negligent under the circumstances of this case. The answer conceivably may hinge upon evidence at trial concerning the customary banking practices and procedures that should have been followed in this type of situation, and whether those practices and procedures were observed in this instance—matters not apparent in the present record.

Accordingly, we must conclude that the defendant has failed to sustain its burden in support of its motion for summary judgment; that entry of summary judgment in the defendant's favor was error; and that the cause must be remanded for trial of the issues of negligence and proximate cause.

Determination of the negligence issue will dispose, we think, of the question of whether the defendant had a right, and if so a duty to countermand its cashier's check for the protection of the plaintiff. If the trier of fact finds the negligence and proximate cause issues in favor of the plaintiff, it would appear that the second facet of the case will not be reached. If, on the other hand, those issues are decided in the defendant's favor, there will be no basis remaining to support a contention that the cashier's check was issued without consideration—the *sine qua non* of the plaintiff's argument that the defendant had both the right and the duty to countermand the cashier's check. See *Polotsky v. Artisans Savings Bank,* 7 W.W.Harr. 151, 188 A. 63, 107 A.L.R. 1458 (1936); *Dakota Transfer and Storage Company v. Merchants National Bank and Trust Company, N.D.,* 86 N.W.2d 639 (1957); 5B Michie "Banks and Banking" Sec. 251; *Johnson v. First State Bank,* 144 Minn. 363, 175 N.W. 612, 9 A.L.R. 960 (1920);

*Rosenbaum v. First National City Bank,* 13 A.D.2d 100, 213 N.Y.S.2d 513 (1961); 10 Am.Jur.(2d) "Banks" Secs. 543, 544, 569, 643; 9 C.J.S. Banks and Banking Sec. 173; 56 A.L.R. 532; 107 A.L.R. 1463. In either event, we think, the second question will become academic.

For the reasons stated, the summary judgment must be reversed and the cause remanded.