In re SPORTSCO, INC., an Arizona corporation dba Sports Liquidators, Debtor.

George J. ITULE, as Trustee of Sportsco, Inc., Plaintiff,

v.

LUHR JENSEN & SONS, INC., Defendant.

Bankruptcy Nos. 80–00713, 81–0070.

United States Bankruptcy Court, D. Arizona.

June 4, 1981.

Allan Bogutz, Tucson, Ariz., I. Lucretia Hollingsworth, Hood River, Or., for defendant.

George J. Itule, Tucson, Ariz., trustee.

Joseph R. McDonald, Ruth Anne Strong, Tucson, Ariz., for plaintiff.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The plaintiff, trustee in these proceedings, brought an action against defendant alleging that the defendant had received a preference from the debtor. The facts involved in this matter are that on or about April 14, 1980, and prior to the filing of the petition in bankruptcy, Sports Liquidators mailed its check in the amount of $3,440.67 drawn on the Union Bank, Tucson, Arizona, to the defendant. This check was received by the defendant but was not honored because the debtor had moved his account from the Union Bank, Tucson, Arizona, to the American Pacific State Bank of Sun Valley, California. Thereafter, on May 6, 1980, debtor mailed its check to the defendant in the State of Oregon. This check was presented and accepted by the drawee bank on May 16, 1980. This date is within the ninety day preferential period as provided by Section 547 of the Bankruptcy Code.

The parties generally agree that the only issue before this Court is: When did the transfer of property take place; that is, upon the mailing of the receipt of the check by the debtor or on the date when the check was honored and accepted by the drawee bank of California.

Second 101(40) of the Code states:

(40) "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.

Section 547(e)(1)(B) in discussing a transfer for the purpose of this section, states as follows:

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

This simply means that if the funds in the drawee bank could have been garnished by the creditor prior to accepting the May 6 check, such creditor would have prevailed in a dispute with the payee of the check. This is borne out by Section 3–409(1), Uniform Commercial Code (U.L.A.), which reads as follows:

(1) A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.

Section 3–410(1), Uniform Commercial Code (U.L.A.) reads:

(1) Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification.

The check was drawn by the debtor on a California bank, mailed to Oregon and returned to California for presentment and acceptance by the bank. The State of California has adopted these sections of the Uniform Commercial Code, Commercial Paper, and this Court finds that their state law is controlling if we only consider the state law. There are several cases which discuss the transfer of property. *Fitzpatrick v. Philco Finance Corp.*, 491 F.2d 1288 (7th Cir. 1974). The court held that the payment of a check by the drawee rather than the sending or receipt of the check constituted the transfer under the Bankruptcy Act, citing 3 Collier on Bankruptcy 820 (14th ed.). *Id.* at 1293. This principle was followed by the bankruptcy court in *In*

re *Public Leasing Corp.*, 1 BCD 304 (B.C. Okl.1974).

This principle has also been followed in the *Matter of Duffy*, 3 B.R. 263, 1 CBC 2d 641 (Bkrtcy.S.D.N.Y.1980). In *Duffy*, a check was dated more than 90 days before the filing of a petition in bankruptcy which was honored by the drawee bank during the 90-day period provided for in Section 547 of the Code. The *Duffy* court held:

> That a payment of a debt by check is a transfer of property is manifestly expressed in the broad definition of "transfer" under the Bankruptcy Code, 11 U.S.C. 101(40). It is clear that payment of the debt did not occur when the debtor delivered the postdated check to Avis. A check itself does not vest in the payee any title to or interest in the funds held by the drawee bank. See U.C.C. § 3–409. The check is simply an order to the drawee bank to pay the sum stated and does not constitute a transfer and delivery of the fund until it is paid. The date of payment and not the date of delivery is crucial in determining when the preferential transfer occurred.

This court cites *Klein v. Tabatchnick*, 610 F.2d 1043 (2nd Cir. 1979).

A recent case on this point is *Olsen-Frankman Livestock Marketing Service, Inc. v. Citizens National Bank*, 4 B.R. 809 (D.C.Minn.1980). This court relies on *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 65 S.Ct. 405, 89 L.Ed. 305 (1945) for the proposition that when a transfer is complete is a federal question that must be decided by reference to state law. The *McKenzie* case is really not precedent for the situation facing this Court. The *McKenzie* case concerns a check which the payee had received, endorsed it to a creditor, and mailed it to him. The debtor had assigned his property interest in the check to the creditor and therefore upon his endorsement a transfer had been completed to the creditor. In the instant case, we have a maker or drawer of a check delivering it to a creditor who must present it and have it accepted and paid by the drawee bank before he can receive any money.

It seems to be clear that under the Uniform Commercial Code if state law is followed that a check does not operate as an assignment and that the acceptance by the drawee must be written on the draft and becomes operative when completed by presentment and acceptance.

 This Court believes that in considering the definition of "transfer" as defined by the Bankruptcy Code, and in considering Section 547(e)(1)(B), that there is no transfer of funds held by a drawee bank until a payee of a draft receives his money and the third-party creditor cannot acquire a judicial lien in such moneys.

For such reasons this Court finds that the defendant did receive a preference and that the plaintiff should have judgment against him for the sum of $3,440.67. Plaintiff's attorney IS ORDERED to prepare and file an appropriate form of judgment within ten (10) days from date.