**In re FABMET CORPORATION, Debtor.**

**FABMET CORPORATION, Plaintiff,**

v.

**D.J. ANDREWS CORPORATION, Defendant.**

Bankruptcy No. 82–12738C.
Adv. No. AP 83–1188 C.

United States Bankruptcy Court,
W.D. New York.

July 1, 1983.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., for plaintiff; Judith M. Feldt, Buffalo, N.Y., of counsel.

Harter, Secrest & Emery, Rochester, N.Y., for defendant; John R. Weider, Rochester, N.Y., of counsel.

MEMORANDUM DECISION and ORDER

JOHN W. CREAHAN, Bankruptcy Judge.

The debtor, Fabmet Corporation (Fabmet), filed its Chapter 11 petition on Sep-

tember 17, 1982. Thereafter, on March 25, 1983, Fabmet filed a complaint against D.J. Andrews Corp. (Andrews) to recover a transfer alleged to be preferential within the provisions of section 547(b) of the Code. 11 U.S.C. § 547(b). The case was later converted to Chapter 7 and the action continued. One of the several affirmative defenses set forth in the answer is that the complaint fails to state a cause of action. The matter is before the Court on the defendant's ·motion to dismiss the complaint on the same grounds. Briefly stated, the papers in support of the motion point out that the transfer alleged in the complaint occurred on the 91st day pre-petition, that it is not alleged that Andrews is an insider, and, in fact, Andrews is not an insider. The plaintiff Fabmet has served a cross-motion for summary judgment on the grounds that there is no triable issue of fact as reflected in the pleadings.

It is without question that on June 18, 1982, the debtor delivered a certified check in the sum of $20,121.72. (¶ 10 Amended Complaint). It is also without question that the debtor's petition under the Code was filed September 17, 1982. A count of the days falling between the two events indicates that they are separated by 90 days. Including either of the days on which the events occurred indicates that one was either 91 days before or 91 days after the other. In opposing the defendant's motion for summary judgment, the debtor presents two arguments. First, the debtor argues that computing the time within which the transfer occurred under Rule 6(a) of the Federal Rules of Civil Procedure (applicable in bankruptcy cases by virtue of Rule 906(a) of the Rules of Bankruptcy Procedure), the transfer falls within the period required by section 547(b)(4)(A) of the Code. 11 U.S.C. § 547(b)(4)(A). Alternatively, the debtor argues that the transfer did not occur on delivery of the check to the defendant but only when it was accepted by the bank upon which it was drawn. The pleadings raise no issue with respect to delivery.

In support of its first argument, the debtor points out that Rule 6(a) of the Federal Rules of Civil Procedure is applicable in

computing the time within which a transfer has occurred in the context of an action to recover a preference. Bankruptcy Rule 906 states that it applies "[i]n computing *any* period of time in a bankruptcy case." *Emphasis supplied.* The defendant agrees, Collier so states, and the rule is unequivocal. *4 Collier on Bankruptcy (15th ed.),* ¶ 547.28 at 547–109. Rule 6(a) states in pertinent part:

Rule 6. Time

(a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

Plaintiff urges that in computing the period in the present matter, one must count from the date of the petition back to the date of the transfer. Excluding the date of the petition as the day of the event from which "the designated period of time begins to run" and counting back, we find that the 90th day falls on a Saturday. As the rule further provides, although the last day is included, falling as it does on a Saturday, the period continues to the next day, a Friday, June 18, 1982, the date of the transfer in question. Thus, the plaintiff argues, the transfer is within the statutory period. In urging the Court to accept this "backward count," the plaintiff cites several authorities for the proposition. *In re B & M Contractors, Inc.,* 2 B.R. 110, 112 (Bkrtcy.N.D.Ala.1979); *In re Larson,* 21 B.R. 264, 267 n. 2 (Bkrtcy.D.Utah 1982). The issue in *B & M Contractors* was a preference action under section 60 of the Bankruptcy Act. While the Court does not find this distinction of any moment, it is apparent that the "backward count" in that case did not bring into play the present question of whether the period should be extended because of the "holiday" provision

of Rule 6. Neither was this the exact issue in the *Larson* case. *Id.* While Judge Mabey in *Larson* excluded the date of the petition and recited the count from the prior day back to October 15th, the 90th day and hence included in the period, he would have reached the same result if he had excluded the October 15th date and counted forward. In either case a transfer on October 15th would have been within the 90 day period. In his extensive footnote, he indicates that he is not persuaded by the position taken by Collier that the date of the transfer is excluded and the date of the petition included. *4 Collier on Bankruptcy,* ¶ 547.28 at 547–109. He takes the position that the filing of the petition is the event from which the designated period runs and that under the language of section 547(b)(4)(A), the count must be back toward the date of the transfer to determine whether it falls within the 90 day period. Although set forth by Judge Mabey in his usual scholarly and erudite manner, his opinion is dicta.

The crux of the issue in applying FRCP 6(a) to the 90 day provision of section 547 is in the choice of the "act, event or default from which the designated period of time begins to run." The clear purpose of rule 6(a), particularly the provision with respect to a situation where the last day falls on a Saturday, Sunday, or legal holiday, is to determine or extend the period of time within which another act must be done to be effective. It serves no purpose to read the rule as authorizing a backward count, as nothing remains to be done in the past. Time does not run backward, even in bankruptcy matters. As pointed out by Judge Shiff in *In re Mailbag International, Inc.,* 28 B.R. 905 (Bkrtcy.Ct.1983), cited by the defendant, "In this proceeding, the focus of the Court is drawn to a transfer. That is the act from which the 'designated period of time begins to run.'"

Determining the period within which certain acts or events must occur by counting from the act forward to the date of the petition commencing a case is not a concept new to cases under the Bankruptcy Code. A transfer preferential under section 60 of the Bankruptcy Act of 1898 was one of the acts of bankruptcy which afforded grounds for the filing of an involuntary petition under section 3 of the Act. 11 U.S.C. § 21a.(2); b. When the petitioner learned of such a transfer, he had four months within which to file his petition. If he learned of the event of transfer on the last day of the four month period and that day was a Saturday, Sunday, or legal holiday, he had until the next day which was not one of those three days within which his petition would be timely filed. *Collier on Bankruptcy (14th ed.),* ¶ 3.701 at 522, et seq. In the Court's view, it makes no sense to read either section 547 of the Code or FRCP 6(a) as authorizing a backward count.

■ The debtor's second argument in opposition to the motion for summary judgment goes to the date of the transfer or its perfection. Although the complaint alleges delivery of a certified check on June 18, 1982, the complaint further alleges and the debtor argues that the transfer was subsequent thereto, or within the 90 day period. It appears that the debtor's reliance on *In re Sportsco, Inc.,* 12 B.R. 34, 7 B.C.D. 1025 (Bkrtcy.D.Ariz.1981) is misplaced. That case and others cited in the debtor's brief deal with the delivery of uncertified checks. Their holding to the effect that delivery is not a transfer as defined in 547(e) of the Code is inapposite to the present case. The underlying issue in *Sportsco* was the same as that before this Court, namely, when did the transfer of property take place. As pointed out in *Sportsco:*

Second (*sic*) 101(40) of the Code states:

(40) "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.

Section 547(e)(1)(B) in discussing a transfer for the purpose of this section, states as follows:

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract

cannot acquire a judicial lien that is superior to the interest of the transferee.

This simply means that if the funds in the drawee bank could have been garnished by the creditor prior to accepting the May 6 check, such creditor would have prevailed in a dispute with the payee of the check. This is borne out by Section 3–409(1), Uniform Commercial Code (U.L.A.), which reads as follows:

(1) A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.

Section 3–410(1), Uniform Commercial Code (U.L.A.) reads:

(1) Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification.

*Id.,* at 35; 7 B.C.D. at 1025–26.

However, in the present case, certification of the check bears on the underlying issue. Section 3–411(1) of New York's Uniform Commercial Code states, "(1) Certification of a check is acceptance." As between the bank and the drawer (debtor), certification has the same effect as payment; the funds representing the amount of the check are as effectively withdrawn from the control of the drawer, and the indebtedness from the bank to the depositor (debtor), created by the deposit, is as effectively satisfied to that amount, in the one case as in the other. 9 N.Y.Jur.2d, Banks and Financial Institutions, § 373, citing *Whiting v. Hudson Trust Co.,* (1923) 234 N.Y. 394, 138 N.E. 33; *Rosenbaum v. First National City Bank,* (1961 1st Dept.); 13 A.D.2d 100, 213 N.Y.S.2d 513, *aff'd.* 11 N.Y.2d 845, 182 N.E.2d 280. When the drawee bank certified the check, it created a novation in which the drawer was released and the drawee substituted as primary obligor. UCC §§ 3–411(1), 4–403. *Jeffries & Co., Inc. v. Arkus-Duntov,* 357

F.Supp. 1206, 1216, U.S.D.C. S.D.N.Y. (1973). At the point of certification, no one could have a greater interest in the drawer's funds than the drawee or another holder in due course. *Accord. Carnegie Trust Co. v. First National Bank,* 213 N.Y. 301, 107 N.E. 693 (1915).

As to the argument that the drawer may stop payment on a certified check, the provisions of UCC sections 3–411, 4–403 and 4–303 and the case law would appear to be to the contrary. *Jeffries & Co., Inc. v. Arkus-Duntov,* 357 F.Supp., 1217, n. 6; *Maintenance Service, Inc. v. Royal National Bank of New York,* 4 UCC Rep. 766. The debt arising from the deposit of funds with the drawee bank having been extinguished, it is no longer subject to levy under New York's CPLR § 5201. *See also,* N.Y.Civ. Prac.Law § 5201 (McKinney 1978), Practice Commentaries C5201:15 at 70 by Professor Siegel. (A judgment creditor's right to a given item of property is deemed coextensive with the judgment debtor's interest in that property).

In conclusion, then, delivery of the certified check by the debtor on June 18, 1982, resulted in a disposition of its entire interest in the check and the funds which it represented within the purview of section 101(40) of the Code. The Court is satisfied that the delivery constitutes a transfer on that date within the ambit of section 547(e). The Court is further satisfied that the transfer occurred on the 91st day before the filing of the petition for relief under Title 11 of the United States Code. The defendant's motion to dismiss the complaint is granted. The complaint is dismissed.

So Ordered.