**In re BOB GRISSETT GOLF SHOPPES, INC., Debtor.**

**BOB GRISSETT GOLF SHOPPES, INC., Plaintiff,**

**v.**

**PRO GROUP, INC., Defendant.**

**Bankruptcy No. 82–01428–A.**
**Adv. No. 83–0212–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 8, 1983.

John W. Thyden, Springfield, Va., for debtor.

Richard J. Kwasny, Arlington, Va., for defendant.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter comes before the Court upon plaintiff's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Because matters outside the pleadings were presented to, and not excluded by, the Court, the Court shall treat this motion as one for summary judgment under Fed.R. Civ.P. 56. Fed.R.Civ.P. 12(c).

Plaintiff, Bob Grissett Golf Shoppes, Inc., a debtor-in-possession, filed a Complaint to Avoid a Preferential Transfer on April 22, 1983 against Pro Group, Inc. ("Pro Group"). Pro Group sold golfing equipment and supplies to the plaintiff on an open account arrangement. Plaintiff filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Reform Act of 1978 ("the Bankruptcy Code") on November 5, 1982. On or about July 12, 1982, the plaintiff delivered to Pro Group three checks, each in the amount of $10,000.00, payable to the order of defendant. The drawee bank dishonored the checks. Thereafter, on August 20, 1982, plaintiff issued three new checks to the defendant in the amount of $11,909.92. The drawee bank paid only one of the three checks due to insufficient funds in plaintiff's account. Plaintiff, as debtor-in-possession, seeks to recover the $11,909.92 paid to Pro Group, as a preferential transfer voidable under 11 U.S.C. § 547(b).

Debtor alleges that the $11,909.92 payment was made to settle an antecedent debt, dating from at least July 3, 1982. On August 16, 1983, debtor filed a motion for judgment on the pleadings under Fed.R. Civ.P. 12(c). As indicated above, the Court will treat this motion as one for a summary judgment under Fed.R.Civ.P. 56, pursuant to Fed.R.Civ.P. 12(c).

Defendant, Pro Group, pleads two defenses. The first defense is that subsequent to the August 20, 1982 payment defendant transferred new value to the plaintiff in the form of merchandise and goods not otherwise secured by an unavoidable security interest. 11 U.S.C. § 547(c)(4). Additionally, Pro Group claims the payment was not preferential because the August 20, 1982 payment was a substitute for the checks returned by the drawee bank for insufficient funds. Defendant maintains that because the August 20, 1982 check replaced the original July 12, 1982 payment, the date of the payment, July 12, 1982, was outside the ninety-day preferential payment period.

**322**

Federal Rule of Civil Procedure 56, as applied to the Bankruptcy Code by Rule 7056 of the Rules of Bankruptcy Procedure, requires that there be no genuine issue as to a material fact and that the moving party be entitled to a judgment as a matter of law before a court may grant a motion for summary judgment. Fed.R.Civ.P. 56(c). As the Court has recognized previously, the Fourth Circuit has interpreted strictly the law governing the use of summary judgment. *In re T.I. Swartz Clothiers, Inc.,* 15 B.R. 590, 593 (Bkrtcy.E.D.Va.1981), (and cases cited therein). The Court must view the record in a light most favorable to the opposing party in determining whether to grant a motion for summary judgment. *Id.*

■ Plaintiff's motion encounters no substantive obstacle in Pro Group's non-preferential payment defense. The broad definition of transfer in 11 U.S.C. § 101(40) leaves no doubt that a payment by check is a transfer of property. *Matter of Duffy,* 3 B.R. 263, 265 (Bkrtcy.S.D.N.Y.1980). A transfer of property, other than real property, is perfected when a creditor on a simple contract cannot acquire a judicial lien superior to the interest of the payee. 11 U.S.C. § 547(e)(1)(B). In other words, there has been no transfer of property when a creditor can attach the debtor's funds in the possession of the drawee bank. Upon the drawee bank's honoring of a draft, funds are no longer in the account and attachment is not possible. A transfer of property by way of a check is made only when the debtor's bank ultimately honors the check. *In re Skinner Lumber Co.,* 27 B.R. 669, 670–71 (Bkrtcy.D.S.C.1982); *In re Super Market Distrib. Corp.,* 25 B.R. 63, 64 (Bkrtcy.D.Mass.1982); *In re Sportsco, Inc.,* 12 B.R. 34, 36 (Bkrtcy.D.Ariz.1981). *See* U.C.C. § 3–409 (1980) (check in itself does not vest in payee any title to or interest in funds held by drawee bank). Thus, debtor's payment does not date from the original transaction date of July 20, 1982 but, rather, from the date the drawee bank honored debtor's draft. Additionally, the pleadings illustrate plaintiff has proven the remaining elements of a preferential payment as listed under 11 U.S.C. § 547(b).

■ Pro Group's remaining defense, however, does present a problem for plaintiff's motion for summary judgment. In plaintiff's motion for summary judgment, plaintiff alleges that a review of invoices provided by defendant indicates Pro Group delivered $3,900.00 worth of merchandise to plaintiff after August 20, 1982. There appears, however, to be some confusion as to the amount of new value, if any, Pro Group transferred to debtor. There are eight invoices relevant to this inquiry. Two sets of these invoices, numbers 19221–19222 and 18757–18758, are identical as far as dates and description of goods are concerned. The invoices are different only in regard to the invoice numbers. The invoices numbered 19221 and 19222 represent a billing to debtor of $1,868.00 each, and the invoices numbered 18757 and 18758 represent a billing to debtor of $216.00 each. Additionally, invoice number 25930, dated October 2, 1982, purports to bill $2,274.58 as a rebilling of a "staff rebate credit". If all eight invoices, which are dated September 7, 1982 (six invoices), September 20, 1982 (one invoice) and October 2, 1982 (one invoice), actually reflect goods transferred to the debtor subsequent to the August 20, 1982 preferential payment, Pro Group would be entitled to a set-off of $8,243.62 out of the $11,909.92 payment under 11 U.S.C. § 547(c)(4). *See In re Saco Local Development Corp.,* 30 B.R. 859, 862 (Bkrtcy.D.Me. 1983).

Because of the issue concerning the amount, if any, of new value transferred to the debtor after the preferential payment, the Court is not persuaded that there are no factual issues in dispute here. Accordingly, plaintiff's motion for judgment on the pleadings is denied.

An appropriate Order will enter.