In the Matter of Lyle M. SCHNEIDER a/k/a Lyle Schneider, Sandra K. Schneider a/k/a Sandra Schneider, Debtors.

Lyle M. SCHNEIDER and Sandra K. Schneider, Plaintiffs,

v.

PHILIPPS AG CHEMICAL CO., INC., A Wisconsin Corporation, Defendant.

Adv. No. 84–0184–11.

United States Bankruptcy Court,
W.D. Wisconsin.

Dec. 18, 1984.

Mark Bromley, Kinney, Urban Schrader, Bromley & Kussmaul, Lancaster, Wis., for plaintiffs.

Thomas H. Strakeljahn, Hoskins, Brown & Kalnins, Lancaster, Wis., for defendant.

## DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Philipps Ag Chemical Co., Inc. ("Philipps") was granted a judgment against the debtors Lyle and Sandra Schneider ("the Schneiders") on April 2, 1984. The Schneiders filed in bankruptcy under chapter 11 ninety-one days later, on Monday, July 2, 1984. As debtors in possession, the Schneiders seek to have the judgment lien of Philipps avoided as a preference under 11 U.S.C. § 547(b)(4) claiming that the ninetieth day after the judgment fell on a Sunday and that day is not counted, relying on Bankruptcy Rule 9006(b). However, if the ninety-day preference period is computed backwards from the date of filing the ninety-first day falls on Tuesday, April 3, 1984, and Philipps' judgment would be outside the preference period.

Bankruptcy Rule 9006(b) is applicable to preference actions under section 547. *In Re Grimaldi*, 3 B.R. 533, 6 B.C.D. 241 (Bankr.D.Conn.1980); *Harbor Nat. Bank of Boston v. Sid Kumins, Inc.*, 696 F.2d 9 (1st Cir.1982). That Rule provides,

> In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday....

Debtors cite two cases directly holding that the preference period should be calculated forward from the date of transfer, *In Re Mailbag International, Inc.*, 28 B.R. 905, 10 B.C.D. 496 (Bankr.D.Conn.1983) and *In Re Fabmet Corp.*, 31 B.R. 414 (Bankr.W.D.N.Y.1983). The court in *Mailbag*, reasoned

> Section 547 provides little basis for deciding from which point to compute the preference period.... Rule 6(a) [F.R. Civ.P.], however, keys the computation to the happening of ... an act. In this proceeding, the focus of the court is drawn to a transfer. That is the act from which the 'designated period of time begins to run.' Moreover, the language of Rule 6(a) is consistent with the application of a forward count. One does not usually think of a period of time as beginning to run backwards.

28 B.R. at 910. The court noted in footnote no. 11 at 909, "[a]lthough several decisions under the Code have either implicitly or explicitly approved a backward court, *see, e.g., In Re Grimaldi, supra; In Re Larson, supra*, 21 B.R. at 267 n. 2, the direction of the count was not at issue." The court in *Fabmet* dealt with a situation similar to the instant one. The court explained,

> The crux of the issue in applying FRCP 6(a) to the 90 day provision of section 547 is in the choice of the 'act, event or default from which the designated period of time begins to run.' The clear purpose of rule 6(a), particularly the provision with respect to a situation where the last day falls on a Saturday, Sunday, or legal holiday, is to determine or extend the period of time within which another act must be done to be effective. It serves no purpose to read the rule as authorizing a backward count, as nothing remains to be done in the past. Time does not run backward, even in bankruptcy matters.

31 B.R. at 416.

Philipps, arguing to the contrary, relies upon the wording of section 547(b)(4)(A) and two cases which direct counting backward for purposes of preferences, *In Re Larson*, 21 B.R. 264 (Bankr.D.Utah 1982) and *In Re Gander Mountain, Inc.*, 29 B.R. 260 (Bankr.E.D.Wis.1983).

Section 547(b)(4)(A) provides,

(b) ... the trustee may avoid any transfer of property of the debtor—

(4) made—

(A) on or within 90 days *before* the *date* of the *filing of the petition.*

(Emphasis added.)

The court in *Larson* interpreting Bankruptcy Rule 906(a) (identical predecessor to Bankruptcy Rule 9006(a)), explained

> Rule 6(a) of the Federal Rules of Civil Procedure, applicable here through Bankruptcy Rule 906(a), provides that 'in computing any period of time prescribed ... by ... any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.... "[T]here exists some disagreement among the authorities whether it is the date the petition is filed or the date of the attachment ... which is to be considered the 'event' and thereby excluded from the calculation." ' Collier takes the position that 'the day the alleged transfer is effected will not be counted....' This view is not persuasive because of the language of Section 547(b)(4)(A), which indicates that the event from which the 90 day period begins to run is the date of the filing of the petition.

21 B.R. at 267, n. 2.[1]

The U.S. Bankruptcy Court for the Eastern District of Wisconsin in *Gander Mountain,* deciding whether money paid to a creditor on or within ninety days prior to the filing date constituted a preference, noted, "[t]he preference period is determined by counting backward from December 9, 1980, the date the petition was filed." 29 B.R. at 268, n. 5. This clear direction by the other bankruptcy court of this state is amply supported by both rules of statutory construction and reason. Therefore, in deference to our neighboring court, and in the presence of otherwise split authority, I must determine that the Philipps' judgment was obtained more than ninety days prior

to the debtors' bankruptcy and outside the preference period under section 547(b)(4).

Upon the foregoing which constitute my findings of fact and conclusions of law, it is hereby

ORDERED, that debtors' complaint is dismissed.

---

**1.** The court in *Fabmet* addressed this footnote and dismissed it as dicta.