**In re Marvin E. WATKINS, and Marquetia A. Watkins, Debtors.**

**Fredrich J. Cruse, Chapter 7 Trustee Plaintiff,**

**v.**

**Hannibal Regional Health Care Systems, Inc., d/b/a Hannibal Regional Hospital, Defendant.**

**Bankruptcy No. 04–20200–659. Adversary No. 04–2018–659.**

United States Bankruptcy Court, E.D. Missouri, Northern Division.

April 18, 2005.

278

Vicki A. Dempsey, Hannibal, MO, for debtors.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

KATHY ANN SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is Trustee's Complaint to Avoid and Recover Preferences (the "Complaint") pursuant to Sections 547(b) and 550(a)(1). Trustee also filed a Brief in Support of the Complaint. Defendant filed an Answer to the Complaint and a Response to Trustee's Brief. The parties also filed a Stipulation of Facts. By agreement of the parties, the

matter was then taken as submitted by the Court. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Debtors Marvin and Marquetia Watkins ("Debtors") filed a voluntary petition for relief with this Court under Chapter 7 of the Bankruptcy Code on April 2, 2004. Trustee, Fredrich J. Cruse ("Trustee") is the duly appointed Chapter 7 Trustee in this case. This matter arises out of a civil case filed by Hannibal Regional Health Care Systems, Inc., d/b/a Hannibal Regional Hospital ("Hannibal Regional"). Hannibal Regional obtained a default judgment in the Circuit Court of Marion County, Missouri ("Marion County Court") against Debtors on May 24, 2001, in the amount of $3,861.00.[1]

A Motion for Examination of Judgment Debtors was filed on September 25, 2003.[2] A hearing was set for November 20, 2003, for the Motion for Examination of Judgment Debtors at which Debtors failed to appear. Hannibal Regional filed a Writ of Bodily Attachment and Order of Confinement on December 1, 2003, a bond was set at $3,500.00, and a hearing was set for January 8, 2004.[3] Debtors were served with the Writ of Bodily Attachment and Order of Confinement on December 20, 2003.

Debtors posted a bond in the amount of $3,500.00 on December 31, 2003. On January 8, 2004, a hearing was held on the Writ of Bodily Attachment and Order of Confinement at which Debtors failed to appear. A Payout Order was issued on January 8, 2004.[4] A written motion to have the bond transferred to Hannibal Regional was not filed with the Court. However, Hannibal Regional filed an execution upon the bond with the Marion County Court, and said execution was issued by the Marion County Clerk of Court ("Clerk of Court") to Hannibal Regional on January 7, 2004.

A check was issued and made payable to E. Rex Bradley ("Mr. Bradley"), attorney for Hannibal Regional on January 12, 2004, in the amount of $3,250.34 and mailed on January 13, 2004. Neither the bond nor the funds deposited with the Marion County Court contained the name of Hannibal Regional. Since Debtors filed their petition for relief under Chapter 7 on April 2, 2004, less than 90 days passed between the Payout Order of $3,250.34 being issued and the Chapter 7 filing. The total debts on Debtors' Schedule F were $37,371.57. The Payout Order obtained by Hannibal Regional comprised 10.3% of the debt owed by Debtors, which allowed Hannibal Regional to receive 84% of its debt.

Trustee argues that the transfer of the bond proceeds to Hannibal Regional constitutes a preference pursuant to Section 547(b). The gravamen of Trustee's position is that the Payout Order was issued within 90 days prior to Debtors' bankruptcy filing during which time Debtors were presumed insolvent under Section 547(b). Thus, the Trustee contends that the bond proceeds should be turned over to him pursuant to Section 550(a)(1).

Hannibal Regional argues in the alternative that the transfer occurred outside the 90 days prior to the bankruptcy filing. According to Hannibal Regional, the effective date of transfer of the bond proceeds occurred on December 31, 2003. It follows that the date given for posting the bond falls outside the 90 day preference period.

1. Ex. A.

2. Ex. B.

3. Ex. C.

4. Ex. E.

Hannibal Regional therefore denies that a transfer under Section 547(b) occurred and requests that the Court deny the relief requested in Trustee's Complaint. The Court will carefully weigh each argument and reach a conclusion below.

### JURISDICTION & VENUE

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2004), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) (2004). Venue is proper under 28 U.S.C. § 1409(a) (2004).

### CONCLUSIONS OF LAW

The facts in this case are not in dispute. The point of contention between the parties relates to the date in which the funds were transferred to Hannibal Regional. Trustee argues that the funds were effectively transferred to Hannibal Regional on the date that the Payout Order was entered. Hannibal Regional argues that the effective date of transfer is the date on which the bond was posted with the Marion County Court. Therefore, the issue in this case is whether Debtors made a preference payment to Hannibal Regional, which would entitle Trustee to recover said payment from Hannibal Regional.

"[T]he trustee has the burden of proving the avoidability of a transfer under subsection (b)...and the creditor...against whom...avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section." 11 U.S.C. § 547(g) (2004). In general, preference actions under Chapter 7 are governed pursuant to Section 547(b), which provides that, "the trustee may avoid any transfer of an interest of a debtor in property (1) to or for the benefit of a creditor; (2) for or on account of an ante-cedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petition...; and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7..." 11 U.S.C. § 547(b) (2004).

A transfer is "...every mode...voluntary or involuntary, of disposing of or parting with property..." 11 U.S.C. § 101(54) (2004). State law governs ownership and transfer of "property" and "interests in property" where federal law is silent. *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 370, 65 S.Ct. 405, 408, 89 L.Ed. 305, 309 (1945); *see also Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39, 46 (1992). The funds used by a defendant to post a bond are "presumed to be the property of the defendant." *State v. Echols*, 850 S.W.2d 344, 347 (Mo.1993).

Here, Debtors posted the bond with the Marion County Court. Debtors owned the funds used to post the bond since posting of a bond constitutes ownership under Missouri law. Debtors therefore owned the bond prior to the Payout Order issued by the Marion County Court. The facts in this case are unique in that Hannibal Regional was not directly paid by Debtors, but Debtors owned the bond at the time it was converted into a check and made payable to Hannibal Regional. Consequently, a transfer of property occurred under Section 101(54).

Debtors therefore made an involuntary transfer to Hannibal Regional on account of an antecedent medical debt owed by Debtors prior to the transfer date. This transfer enabled Hannibal Regional to receive 84% of its claim, which is substantially more than Hannibal Regional would be

entitled to under Chapter 7 of the Bankruptcy Code. Trustee has therefore met his burden of proof with respect to all but two prongs under Section 547(b).

■ The remaining issues under Section 547(b) are whether Debtors were insolvent when the transfer was made to Hannibal Regional and whether the transfer occurred 90 prior to Debtors' bankruptcy filing. Trustee argues that the funds were inappropriately transferred under Missouri law. Hannibal Regional argues that the funds were effectively transferred on the date Debtors posted their bond. "[T]he debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f) (2004). The operative date of transfer by check in the Eastern District of Missouri is determined on the date the drawee bank honors the check. *In re Midwest Boiler & Erectors, Inc.*, 54 B.R. 793, 795 (Bankr.E.D.Mo. 1985).

■ Here, Debtors posted the bond on December 31, 2003, but, a check made payable to Mr. Bradley, attorney for Hannibal Regional, was mailed on January 13, 2004. Therefore, the issue regarding the date in which the check was actually honored by the drawee bank is not relevant to the outcome of this case. It is sufficient for the purposes of this preference analysis to simply acknowledge that the funds were transferred (honored) at some point after January 13, 2004. In any event, the transfer occurred within 90 days of Debtors' Bankruptcy filing which makes it a preference under Section 547(b).

Consequently, the Court need not reach the merits of either argument raised by Hannibal Regional or Trustee regarding the date of transfer since the check was honored by the drawee bank within the 90 day preference period. Debtors are therefore deemed to be insolvent at the time of

transfer under Section 547(f). Furthermore, Hannibal Regional raises no defenses under Section 547(c), and there are no defenses under Section 547(c) applicable to these facts. Therefore, Trustee has satisfied each prong of Section 547(b) and is entitled to avoid the transfer.

The remaining issue is whether Trustee is entitled to recover the funds paid to Hannibal Regional pursuant to Section 550(a)(1). "[T]o the extent that a transfer is avoided under section...547...the trustee may recover, for the benefit of the estate, the property transferred...from the initial transferee of such transfer..." 11 U.S.C. § 550(a)(1) (2004). Here, Trustee, having met his burden of proof under Section 547(b), is entitled to recover the transferred funds from Hannibal Regional. Therefore, the Court must conclude that Trustee is entitled to avoid Debtors' transfer to Hannibal Regional and recover funds paid by Debtors to Hannibal Regional.

By separate order, judgment will be entered in favor of Trustee.

### ORDER

The matter before the Court is Trustee's Complaint to Avoid and Recover Preferences (the "Complaint") pursuant to Sections 547(b) and 550(a)(1). For the reasons set forth in this Court's Findings of Fact and Conclusions of Law entered separately,

**IT IS ORDERED THAT** the relief requested in Trustee's Complaint to Avoid and Recover Preferences is GRANTED and judgment is entered in favor of Trustee, Fredrich J. Cruse, Plaintiff and against Hannibal Regional Health Care Systems, Inc., d/b/a Hannibal Regional Hospital, Defendant; and that the transfer from Debtors to Defendant is set aside and avoided pursuant to 11 U.S.C. § 547; and

that Defendant is to pay to Plaintiff the amount of $3,250.34 as and for judgment in this matter.