**In the Matter of Vincent J. GRIMALDI, Debtor.**

**Vincent J. GRIMALDI, Debtor and Joel M. Grafstein, Esq., Trustee, Plaintiffs,**

v.

**JOHN A. RUELL, INC., dba Roma Marble Co., Defendant.**

Bankruptcy Nos. 2–79–00866, 2–80–0014.

United States Bankruptcy Court, D. Connecticut.

April 9, 1980.

Bruce Beck, Manchester, Conn., for debtor-plaintiff.

Joel M. Grafstein, Bloomfield, Conn., pro se.

Kenneth J. Speyer, New Britain, Conn., for defendant.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

On a motion for summary judgment, the parties have agreed that the issue dividing them is a matter of time computation—specifically, whether or not a lien by attachment obtained by the defendant on August 7, 1979, fell within the ninety-day period prescribed by § 547 of the Bankruptcy Code and is thus avoidable by the trustee.[1] The debtor's petition was filed November 5, 1979. If *both* November 5 *and* August 7 are counted along with the intervening days, August 7 would be the ninety-first day, and the lien filed without the prescribed period. The trustee seeks judgment to the effect that in computing the time to determine the validity of the lien, November 5 should be excluded, thus placing August 7 within the ninety-day period. The defendant, to the contrary, says that both terminal dates should be included.

The Bankruptcy Act of 1898 contains a specific section, § 31, which provides that "days shall be computed by excluding the first and including the last".[2] Rule 906(a) of the Bankruptcy Rules, effective 1973, adopts Federal Rule of Civil Procedure 6(a) for the purpose of computing time in a bankruptcy case. FRCP 6(a) states that "(i)n computing any period of time prescribed . . . by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included".

The defendant points out that there is no part of the Bankruptcy Code comparable to § 31 of the Bankruptcy Act, and argues that the failure of Congress to enact such a provision as part of the Bankruptcy Code means that the court must resort to general principles of construction which would allow for the result it seeks.[3] The defendant further states that Bankruptcy Rule 906(a) gives no guidance in this matter since to apply it would result in the denial of a substantive right, and this the application of the federal rules may not do. The defendant concedes that if the Bankruptcy Code contained a provision analogous to § 31 of the Bankruptcy Act, time would be computed in accordance therewith and resort to general principles of construction would be unnecessary. The trustee cites certain case law decided under the Bankruptcy Act in support of his claim that, in computing time, one of the terminal dates in a statutory period should be counted and the other excluded.[4]

The solution to the issues raised by the defendant is to account for the omission of a section comparable to § 31 from the Bankruptcy Code. Although it appears to be nowhere specifically noted in the legislative history, the Court concludes that the content of § 31 of the Bankruptcy Act was intentionally omitted from the Bankruptcy Code, and that the reason for so doing was that, if included, it would have constituted surplusage. I am persuaded to this conclusion on several grounds. First, is the note of the Advisory Committee on Bankruptcy Rules with respect to the adoption of Rule 906(a). The Committee said: "This rule is an adaptation of Rule 6 of the Federal Rules of Civil Procedure [Title 28]. *It governs the time for acts to be done and proceedings to be had in bankruptcy cases and, to that extent, supersedes § 31 of the Act.*" Part 2, *Collier*, Pamphlet Ed., Rule 906 at 267. (Emphasis supplied). Second, in an appendix to House Report No. 95–595, U.S. Code Cong. & Admin.News 1978, p. 5787, which accompanied the House version of the Bankruptcy Reform Act, there are listed 322 "matters that will be dealt with by the Rules of Bankruptcy Procedure . . ."

---

1. 11 U.S.C. 547(b) ". . . (t)he trustee may avoid any transfer of property of the debtor— . . . (4) made—(A) on or within 90 days before the date of the filing of the petition".

2. In this memorandum the Bankruptcy Act of 1898 will be referred to as the Bankruptcy Act

and the Bankruptcy Reform Act of 1978 will be referred to as the Bankruptcy Code.

3. Citing 74 *Am.Jur.2d Time* § 15 at 599.

4. *Bell v. West*, 44 F.2d 161 (4th Cir. 1936).

Item 299 on this list includes "All matters that are treated with under the Federal Rules of Civil Procedure". House Report No. 95–595, 95th Cong., 1st Sess. (1977) 293, 307, U.S.Code Cong. & Admin.News 1978, pp. 6250, 6264. Third, a leading authority on bankruptcy law states that "[i]n computing the time [under § 547], Rule 906(a), which provides for the application of Federal Rule of Civil Procedure 6(a) governs, so that the first day is excluded, the last day included". 4 *Collier on Bankruptcy* (15th Ed.) ¶ 547.28 at 547–102. Last, the very language of § 547 states that a prohibited transfer must occur "on or within 90 days *before the date* of the filing of the petition". (Emphasis supplied).[5]

From the foregoing, I find that Congress did not reenact a provision comparable to said § 31 in the Bankruptcy Code because § 31 had already been superseded under the Bankruptcy Act by Bankruptcy Rule 906(a) and Bankruptcy Rule 906(a) continues in effect under the Bankruptcy Code. The legislative history embodied in the House Report, *supra*, further illustrates the lack of need of a separate time computation section when it states that, unlike the Bankruptcy Act, the new statute contains very little of a procedural nature and that matters treated under the Federal Rules of Civil Procedure will be left to the Bankruptcy Rules. The terms of § 547 limiting the statutory period to the 90 days *before the date* of filing serve further to clarify that one terminal date is to be excluded.

The Court holds that the omission of a separate section comparable to § 31 of the Bankruptcy Act from the Bankruptcy Code has no significance with respect to the issues raised herein. The rule of time computation to be applied in bankruptcy matters is that found in Bankruptcy Rule 906(a).

This rule is a codification of the general principle of construction applied in *Bell v. West, supra.*[6]

The defendant has argued that because application of Bankruptcy Rule 906(a) would enable the trustee to avoid a lien obtained as a matter of substantive right under state law, the court must, therefore, find the rule not applicable. The defendant relies upon *Sibbach v. Wilson Co., Inc.*, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941) to support his proposition. But in the case of *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court reviewed the extensive history of constitutional litigation of the substance-procedure issue, and held in terms pertinent to the present defendant's argument:

> To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act. *Id.* at 473–474, 85 S.Ct. at 1145.

The defendant's reliance on a supposed substance-procedure issue to bar application of Bankruptcy Rule 906(a) is misplaced, and its contention is without merit.

The trustee's motion for summary judgment is granted as to the claim that the defendant's attachment was filed within 90 days before the date of the filing of the petition, and it is

So ordered.

---

5. The emphasized portion does not appear in the preference section (60a(1)) of the Bankruptcy Act, which reads in pertinent part, ". . . a transfer . . . within four months before the filing by or against him of the petition initiating a proceeding under this Act . . . ."

6. Far from supporting the defendant's contention that the court should include both terminal dates when computing time in order to save his

lien, the discussion appearing in 74 *Am.Jur.*2d, *Time*, 315 at 599, when taken in the context of the entire section in which it appears, actually supports the rule of FRCP 6(a) and *Bell v. West.* Only where there is no controlling statutory provision does Am.Jur. suggest that the courts may look to results to determine the outcome of a time computation. In the instant case there is a controlling statutory provision.