OSCAR H. DAVIS, Circuit Judge.
 

 The issue is whether an attachment obtained by defendant-appellee Sid Kumins, Inc. (Kumins) on a debt owed by a debtor in bankruptcy was a voidable preference with
 
 *10
 
 in 11 U.S.C. § 547(b)(4)(A) of the Bankruptcy Code, as having been made on or within 90 days before the date of the filing of the bankruptcy petition. The agreed facts are that on June 28, 1979, Kumins brought an action against Robert Wolf in a Massachusetts state court, and on that day the court approved, ex parte, a real estate attachment; the attachment was made by the sheriffs on Wolfs property in Massachusetts on July 17, 1979; the attachment was recorded on July 18, 1979; and on October 16, 1979, an involuntary creditor’s petition in bankruptcy was filed against Wolf in the Bankruptcy Court for the District of Massachusetts.
 

 In November 1980 Kumins sought from the Bankruptcy Court a determination that its real estate attachment was valid and perfected. Harbor National Bank of Boston (Harbor), one of Wolf’s other creditors in the bankruptcy proceedings, challenged that position by motion for summary judgment, and the question was presented (on the agreed facts) to the Bankruptcy Judge. He decided that Kumins’ attachment was not a voidable preference. On review by the District Court, that order was affirmed. This appeal followed.
 

 The Bankruptcy Code, 11 U.S.C. § 547(b)(4), provides that the bankruptcy trustee may avoid any transfer of property of the debtor “made (A) on or within 90 days before the date of the filing of the petition.” Harbor claims that here the attachment (conceded to be a transfer of property under § 547) was made within the avoidable period, while Kumins and the courts below say that it was made just outside that period. Harbor has two independent arguments, both of which were rejected by the District Court and which we, too, refuse to accept.
 

 Bankruptcy Rule 906(a) (“Time — Computation”) declares that in computing any period of time in a bankruptcy case Rule 6(a) of the Federal Rules of Civil Procedure applies. In turn, Rule 6(a) (“Time — Computation”) provides:
 

 In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.
 

 This method controls the computation of a period prior to the commencement of the bankruptcy case (4 Collier on Bankruptcy, ¶ 547.28 at 547-109 (15th ed. 1981)) and requires the exclusion of one of the terminal dates and the inclusion of the other (the two significant dates being the date of the petition and the date of the attachment). There is some disagreement as to which of the two dates is to be included and which excluded, but that controversy is irrelevant here because in either event the crucial 90th day under the Rule was July 18, 1979. On that view, if Kumins’ attachment was made on July 17th, it was beyond the statutory period.
 

 Harbor’s first argument is that the statute, § 547(b)(4)(A),
 
 supra,
 
 gives an
 
 additional
 
 day because it cumulates the date of the petition itself — included, it is said, by the statute’s specific use of “on” the date of the petition — plus the 90 days covered by the statutory terms “within 90 days before the date” of the petition, as those words must be interpreted under Bankruptcy Rule 906(a) and Rule 6(a) of the Federal Rules of Civil Procedure.
 

 The error in this position is that, contrary to the plain requirement of the Rules that one and only one of the two terminal dates is to be included,
 
 [1]
 
 Harbor’s reading includes both terminal dates (or, alternatively, counts the petition date twice). Appellant seeks to avoid that unacceptable result by
 
 *11
 
 arguing that, through Congress’ designation of the petition date separately, § 547(b)(4)(A) shows that that date cannot be the date of the “act” or “event” for the computation of the 90 days under Rule 6(a), but the day before (here, October 15, 1979) must be the day of the “act” or “event” to be excluded under that Rule. That semantic position has never, so far as we can tell, been adopted by any court or authority, and there is no legislative indication that it was intended. More than that, it makes no sense; nothing happened on October 15th with respect to the bankruptcy proceeding, and it simply cannot be considered the day of an “act” or “event” for the purposes of Rule 6(a). It is much more likely that, as Judge Garrity observed below, the drafters of the Act wished to make doubly sure that, if a transfer was made on the very day of the petition, there could be no question (particularly in view of the method of computation required by the Rule) as to the voidability of that transfer.
 

 The more troublesome point urged by appellant revolves around the fact that the attachment was on real estate and though made by the sheriffs on July 17th was not recorded until July 18th, which was just within the statutory 90-day span. Harbor says that the attachment was not made, for bankruptcy purposes, until it was recorded. The underlying basis for this contention is the Massachusetts legislation on real estate attachments, §§ 68 and 66 of Mass.Gen. Laws Ann. ch. 223 (as Harbor interprets them).
 
 [2]
 

 The reference points for solving this problem are set by the Bankruptcy Code. Section 547(b)(4) declares a “transfer of property” avoidable if it was
 
 “made”
 
 within 90 days of the petition. Section 547(e)(2) then provides that for the purposes of § 547, a “transfer is
 
 made
 
 — (A) at the time such transfer
 
 takes effect
 
 between the transferor and the transferee, if said transfer is
 
 perfected
 
 at, or within 10 days after, such time.”
 
 “Perfection”
 
 of a transfer of real property (other than fixtures) is defined by § 547(e)(1)(A) as occurring when a bona fide purchaser of said property from the debtor cannot acquire an interest superior to the interest of the transferee.
 
 [3]
 

 Applying §§ 547(b)(4) and (e)(2)(A),
 
 supra,
 
 the Bankruptcy Court and the District Court first looked to Massachusetts law, because state property rights are involved, to determine the date the attachment took effect between Wolf and Kumins
 
 (see In re Lyon Carpet Co.,
 
 25 F.2d 509, 511 (D.Mass. 1928)) and concluded that under § 66, note 2,
 
 supra,
 
 the effective date was July 17, 1979. Their reasoning was that (a) under that provision, if recordation is made within three days after the making of the attachment, the attachment “shall take effect from the time it was made,” and (b) recor-dation occurred here on July 18th, within three days.
 

 The next step under the federal law (§ 547(e)(2)(A)) was to see if perfection occurred within ten days. The courts held in this instance it did because § 547(e)(1)(A),
 
 supra,
 
 hinges perfection to the time when a bona fide purchaser would no longer be protected against the attachment interest and under § 66 of the Massachusetts statute an attachment is valid against a bona fide purchaser when recorded. That hap
 
 *12
 
 pened here on July 18th, within 10 days of when the attachment took effect on July 17th. The end-result was that under §§ 547(b)(4) and 547(e)(2),
 
 supra,
 
 the transfer was “made” on July 17th, and therefore not avoidable.
 

 Harbor’s challenge to that chain-of-reasoning is this: § 66 (taken together with § 63) provides for a real estate attachment to take effect only when it is recorded, and therefore the transfer cannot be “made” before then. Invoking § 544(a)(3) of the Bankruptcy Code, which gives the trustee the status of a bona fide purchaser of real property from the debtor, appellant first points out that §§ 63 and 66 make the attachment “valid” against a bona fide purchaser for value only when it is recorded; Harbor then equates (for real estate attachments) the term “valid” with the time the attachment is “made” and “takes effect.”
 

 We agree, however, with the courts below that, though it does give one special advantage to bona fide purchasers of real estate, Massachusetts law does not make the sharp separation Harbor asserts between real estate attachments and other attachments. The first part of § 66 declares broadly and unqualifiedly that, if the attachment is recorded within three days “after the day when the attachment was
 
 made
 
 the attachment shall
 
 take effect
 
 from the time it was made” (emphasis added). This provides, for all attachments, a relation-back mechanism which, in its wording (“made”, “take effect”) fits the precise language of the federal Code as to when a transfer is made (§§ 547(b)(4), 547(e)(2)(A),
 
 supra).
 
 Then follows in § 66 the special treatment of real estate attachments; these “shall in no ease be
 
 valid
 
 against purchasers in good faith and for value * * * before the time” of recordation (emphasis added). That later portion of § 66 does not say that, for good faith purchasers, real estate attachments are not “made” and do not “take effect” until recordation.
 
 [4]
 

 One cannot be absolutely. certain but it appears to us that this difference in language was not inadvertent but was meant to say that, while real property attachments were “made” and “took effect” at the same time and in the same way as all other attachments, good faith purchasers of real estate were specially protected if they acquired their interest during the short period (at most three days) of possible relation-back. After those three days, § 66 itself provides that the attachment “takes effect” for all attachments on recordation; it is only attachments that are made and perfected within three days that “take effect” on the day made. In other words, we think that § 66 specially limits the time of perfection, for bona fide purchasers of real estate, to the date of recordation, but does not affect the “making” or “taking effect” of those attachments recorded within three days. It is not unusual for legislation to distinguish between the “making” or “taking effect” of an attachment and its “perfection.” Sections 547(e)(1)(A) and (e)(2)(A) of the Bankruptcy Code make that distinction expressly.
 
 [5]
 

 Even if we are wrong in so interpreting § 66, that error cannot affect this case. We can assume
 
 arguendo
 
 that Harbor was a bona fide purchaser, but, contrary to appellant’s argument, the significant relationship for these bankruptcy purposes is not that between the two creditors (Kumins and Harbor), but that between the debtor (Wolf) and the attaching creditor (Kumins). The Bankruptcy Code specifically so provides (in § 547(e)(2)(A)) when it says that “a transfer is
 
 made
 
 — (A) at the time such transfer
 
 takes effect between the transfer- or and transferee”
 
 (if perfection occurs within 10 days) (emphasis added). Wolf and Kumins are the transferor and transferee.
 

 It is likewise unimportant to this case that the bankruptcy trustee had the rights
 
 *13
 
 and powers of a bona fide purchaser under § 544(a)(3). That provision gave such status to the trustee only “as of the commencement of the case” (October 19, 1979), meaning that the trustee acquires a good faith creditor’s status as of the petition’s filing, “not at an anterior point of time.”
 
 Lewis v. Manufacturers National Bank,
 
 364 U.S. 603, 607, 81 S.Ct. 347, 349, 5 L.Ed.2d 323 (1961). By that date, however, Kumins’ attachment had been recorded and the trustee had full notice. Obviously, neither § 63 or § 66 of the Massachusetts laws was intended to protect a subsequent purchaser who, when he became a purchaser, already had the most authoritative notice of the attachment — recordation.
 

 The judgment of the District Court was correct and is
 

 Affirmed.
 

 [1]
 

 . By its own terms, Rule 6(a) applies to the computation of a period of time prescribed “by any applicable statute.”
 

 [2]
 

 . Sec. 63 reads:
 

 “Copy of writ; deposit in registry of deeds
 

 No attachment of land or of any leasehold estate shall be valid against a subsequent attaching creditor, or against a subsequent purchaser in good faith and for value, unless the officer deposits a certified copy of the writ of attachment and so much of his return thereon as relates to the attachment of the estate, in the registry of deeds for the county or district where the land lies.”
 

 Sec. 66 provides in relevant part:
 

 “Attachment; time of taking effect.
 
 If the copy of the writ is deposited, as aforesaid, within three days after the day when the attachment was made the attachment shall take effect from the time it was made, otherwise, from the time when the copy is so deposited; but attachments of land, and of leasehold estates which have an original term of more than seven years, shall in no case be valid against purchasers in good faith and for value, other than parties defendant, before the time when the copy is deposited as aforesaid * * * ”.
 

 [3]
 

 . All emphasis in the statutory quotations is added.
 

 [4]
 

 . Section 63 likewise uses the term “valid,” rather than “made” or “take effect.”
 

 [5]
 

 . The decisions plaintiff cites as considering an attachment made on recordation involve either jurisdictions that appear to be without the relation-back provision of Massachusetts, or instances in which the attachment was made and recorded on the same day.