**In re H. Wayne FORD, Debtor.**

**C. Barney POSTON, Plaintiff,**

**v.**

**H. Wayne FORD, Defendant.**

**Bankruptcy No. 7–83–00842.
Adv. No. 7–83–0530.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

Nov. 2, 1983.

Isaac St. Clair Freeman, Marion, Va., for plaintiff.

John M. Lamie, Abingdon, Va., for debtor-defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The debtor, H. Wayne Ford (Ford), filed a Chapter 7 petition in this Court on July 13, 1983. Pursuant to 11 U.S.C. § 727, C. Barney Poston (Poston), a creditor in this case, filed a complaint objecting to Ford's discharge. The complaint alleged that Ford, with intent to hinder, delay and defraud his creditors, transferred real property within one year before the filing of his petition in bankruptcy. The debtor filed a Motion to Dismiss for failure to state a cause of action, claiming that the transfer of real estate fell outside the one year period.

The record indicates that the sale of debtor's real estate was completed on July. 13, 1982 and the deed from said sale was re-

corded at 3:52 p.m. on that date. Further, it is without question that debtor's Chapter 7 petition was filed on July 13, 1983 at 8:30 a.m. In resolving the controversy, two questions must be answered: When did the transfer occur? How is the one year period to be computed?

Section 101(40) of the Code defines "transfer" as follows:

> ... every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property, including retention of title as a security interest.

For the purpose of the avoiding powers of a creditor or trustee in bankruptcy, a transfer is deemed to have been made at the time when it became so far perfected that no *bona fide* purchaser could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee. §§ 547(e)(1)(A), 548(d)(1); *In re Munden,*[1] 8 B.R. 142 (Bkrtcy.E.D.Va. 1981).

The Court is satisfied that the recording of the deed on July 13, 1982 constitutes a transfer within the ambit of § 727.

Rule 6(a) of the *Federal Rules of Civil Procedure* (applicable in bankruptcy cases by virtue of Rule 906(a) [now 9006] of the *Rules of Bankruptcy Procedure*) is used in computing the one year time period within which the transfer occurred. 4 *Collier on Bankruptcy* § 727.02[2] (15th ed.). Rule 6(a) states in pertinent part:

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by an applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

In this proceeding, the focus of the Court is drawn to a transfer. That is the act

---

1. *In re Munden* dealt specifically with recordation of a Deed to real estate.

from which the "designated period of time begins to run". Determining the period within which the transfer occurred requires a counting from the act forward to the date of the bankruptcy petition commencing a case. *In re Fabmet Corporation,* 8 C.B.C.2d 1220, 31 B.R. 414 (Bkrtcy.W.D.N.Y.1983). In computing yearly periods, the time of day at which any event occurred is immaterial. *In re Tonawanda St. Planning Mill Co.,* 6 Am.B.R. 38 (W.D.N.Y.1901); *In re Warner,* 16 Am.B.R. 519, 144 F. 987 (D.Conn.1906); 2A *Collier on Bankruptcy* ¶ 31.02[2] (14th ed.). As a matter of practical computation under Rule 6(a) courts have held, without must discussion, that monthly or yearly periods run from numerical date to numerical date. See cases cited in 2A *Collier on Bankruptcy* ¶ 31.92[2] (14th ed.), Note 12; see also cases cited in 4 Wright & Miller, *Federal Practice and Procedure: Civil* § 1162, footnote 23.

Excluding the date of the transfer (July 13, 1982) and counting forward toward the date of the filing of debtor's petition, the last day included in the one year period fell on July 13, 1983. Debtor's petition was filed on July 13, 1983. The Court is satisfied that the transfer occurred within the one year period before the filing of the petition. The debtor's Motion to Dismiss is therefore DENIED, and the complaint will be set for hearing on its merits.

It is so ORDERED.