In re Arlene **LEVINSON**, Debtor.

Arlene **LEVINSON**, Plaintiff,

v.

**SECURITY SAVINGS BANK, SLA**, Defendant.

Bankruptcy No. 91 B 20209.
No. 91 ADV. 6077.

United States Bankruptcy Court,
S.D. New York.

June 19, 1991.

Lawrence R. Reich, P.C., White Plains, N.Y., for debtor.

Gusmorino & Marx, Richmond Hill, N.Y., for defendant.

## DECISION ON COMPLAINT FOR AN ORDER SETTING ASIDE A JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This adversary proceeding raises the issue of whether the 90–day preference period referred to in 11 U.S.C. § 547(b)(4)(A) is determined by counting backwards from the date of the bankruptcy petition or forward from the date of the transfer. The defendant-creditor argues that both terminal dates should be included, while the Chapter 13 debtor contends that either the date of the transfer or the date of the petition is excluded and that if one of the terminal dates is excluded, the transfer in question must be set aside as a voidable preference. The facts in this case are not disputed.

## FACTS

1. On February 13, 1991 the plaintiff filed a petition for relief under Chapter 13 of the Code and has an interest in real property in Westchester County.

2. The defendant obtained a judgment against the plaintiff for the sum of $49,-576.85 in an action in the Supreme Court of the State of New York, County of Westchester on November 15, 1990, when the judgment in that amount was entered in the Westchester County Clerk's Office, at which time it became a lien on the plaintiff's real estate in Westchester County.

3. The judgment was obtained for or on account of an antecedent debt.

4. At the time of the entry of the judgment the plaintiff was insolvent.

5. The efficacy of the judgment enabled the defendant to obtain a lien on the plaintiff's real estate in Westchester County, which would allow it to receive more than it would receive as a creditor if the judgment had not been entered and the defendant received payment against its debt to the extent provided by the Code in a Chapter 7 case.

6. The period November 15, 1990 through and including February 13, 1991 constitutes 91 days if both November 15, 1990 and February 13, 1991 are counted.

## DISCUSSION

The parties in this adversary proceeding proclaim that its not how you read the letter of the law, but how you count the days. Pursuant to 11 U.S.C. § 547(b)(4)(A), a preferential transfer which satisfies all other conditions delineated under 11 U.S.C. § 547(b) may be voided if made "on or within 90 days before the date of the filing of the petition ...", as stated in subsection (4)(A). The defendant bank reasons that the days for the entry of the judgment lien against the Chapter 13 debtor's real estate

interest on November 15, 1990 to the date when she filed her Chapter 13 petition on February 13, 1991, should be counted as numbering 91, and therefore beyond the reach of the 90–day period for voiding preferential transfers. Thus, the defendant bank counts both terminal dates, namely, the date of the entry of the judgment lien (which is deemed a transfer for purposes of § 547(b)) and the date of the filing of the debtor's Chapter 13 petition.

There is considerable disagreement as to whether it is appropriate to count backwards from the date of the petition, excluding the date of the petition and including the date of the transfer, or to count forward from the date of the transfer, excluding the date of the petition. The majority view favors the approach of counting backward from the petition. *In re Belknap, Inc.,* 909 F.2d 879 (6th Cir.1990); *In re Carl Subler Trucking, Inc.,* 122 B.R. 318 (Bankr.S.D.Ohio 1990); *In re Nelson Co.,* 117 B.R. 813 (Bankr.E.D.Pa.1990); *In re J.A.S. Markets, Inc.,* 113 B.R. 193 (Bankr. W.D.Pa.1990); *In re Baker & Getty Financial Services, Inc.,* 98 B.R. 300 (Bankr. N.D.Ohio 1989); *In re Antweil,* 97 B.R. 63 (Bankr.D.N.M.1988), *aff'd* 111 B.R. 337 (D.N.M.1990); *In re White,* 64 B.R. 843 (Bankr.E.D.Tenn.1986); *Matter of Schneider,* 44 B.R. 961 (Bankr.W.D.Wis.1984); *In re Enterprise Fabricators, Inc.,* 36 B.R. 220 (Bankr.M.D.Tenn.1983); *In re Larson,* 21 B.R. 264 (Bankr.D.Utah 1982).

The minority view calculates the preference period by counting forward from the date of the transfer, excluding the transfer date and including the date of the petition. *In re Wilmington Nursery Co., Inc.,* 36 B.R. 813 (Bankr.E.D.N.C.1984); *Polston v. Ford (In re Ford)* 34 B.R. 93 (Bankr.W.D. Va.1983), *aff'd* 53 B.R. 444 (W.D.Va.1984), *aff'd* 773 F.2d 52 (4th Cir.1985); *In re Fabmet Corp.,* 31 B.R. 414 (Bankr.W.D.N. Y.1983); *In re Mailbag International, Inc.,* 28 B.R. 905 (Bankr.D.Conn.1983); *In re Grimaldi,* 3 B.R. 533 (Bankr.D.Conn. 1980).

The divergence of opinions relates to the interpretation of Bankruptcy Rule 9006(a)

dealing with computations of time, which provides in part as follows:

**(a) Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this rule and in Rule 5001(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the bankruptcy court is held.

The majority view concludes that "the day of the act, event or default" which is excluded is the date of the petition. The minority view reasons that the excluded act or event is the date of the transfer. Without deciding which terminal date is intended within the meaning of Rule 9006(a), it is clear that all of the authorities include one terminal date or the other, but they certainly do not include both terminal dates in computing the 90–day preference period. In *Harbor National Bank of Boston v. Sid Kumins, Inc.,* 696 F.2d 9, 10 (1st Cir. 1982), the court was undecided which terminal date to count, but concluded that the Bankruptcy Code required the exclusion of one terminal date and the inclusion of the other. The court concluded that the controversy was irrelevant because in either

event the crucial terminal date was beyond the 90–day period.

Whether one counts forward from the transfer date, or backwards from the petition date, is significant only if the terminal date falls on a Saturday, Sunday or legal holiday, in which case Bankruptcy Rule 9006(a) provides that the period is extended until the end of the next day which is not a Saturday, Sunday or legal holiday. If neither the transfer date nor the petition date falls on one of the excluded days, as happened in the instant case, it makes no difference whether the count is backward or forward.

In the instant case, the defendant bank cites *J.A.S. Markets, Inc.* and *In re Schneider, supra,* two of the cases adopting the majority view for counting the preference period backwards from the petition date. However, the defendant also includes the petition date on February 13, 1991, as well as the terminal date when the judgment was entered on November 15, 1990, and arrives at a period of 91 days. Neither the cases adopting the majority view of counting backwards from the petition date nor those cases favoring counting forward from the transfer date include both the transfer date and the petition date. There is only one terminal date regardless of which approach is taken and only one terminal date is included. *In re Harbor National Bank of Boston v. Sid Kumins, Inc.,* 696 F.2d at 10. Hence, defendant bank received a voidable preferential transfer when it obtained its judgment lien on November 15, 1990, which was 90 days before the debtor's Chapter 13 petition was filed.

■ Defendant alternatively argues that the critical date for counting the 90–day preference period should be September 12, 1990, when it obtained and entered its order of summary judgment in the New York Supreme Court, Westchester County. Defendant argues that the logic for this conclusion is the holding in *Howe v. Equitable Gas Company,* 112 B.R. 754 (Bankr.W.D. Pa.1990). There, the court ruled that under Pennsylvania law, the lien attached

when an arbitration award was entered, because Pa.R.Civ.P. § 1307(b), 42 Pa. C.S.A. expressly provides that an arbitration award when entered upon the docket shall be a lien upon the party's real estate. Manifestly, the instant case is governed by New York law and, moreover, does not involve a docketed arbitration award. Under New York law, a judgment becomes a lien on a party's real estate in the county when the judgment is docketed with the clerk of the county where the real estate is located, which in this case occurred on November 15, 1990. *See* N.Y.C.P.L.R. § 5203(a).

Accordingly, the defendant's judgment lien may be set aside as a preferential transfer.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(F).

2. The defendant received a voidable preferential transfer when it obtained a judgment lien against the debtor's real estate on November 15, 1990, which was 90 days before the date of the filing of the debtor's Chapter 13 petition, within the meaning of 11 U.S.C. § 547(b)(4)(A).

3. The debtor's complaint to set aside the judgment lien obtained by the defendant as a voidable preference is granted.

SETTLE ORDER on notice.