**In re Thomas A. GREENE, aka Radiator Service, Inc., and Bobby Jean Greene, Debtors.**

**MBNA America, Appellant,**

v.

**Jeffry G. Locke, Trustee, Appellee.**

No. 98–16539

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 1999 [1]

Filed July 12, 2000

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a).

Dennis Winters, Winters Law Firm, Santa Ana, CA; Gilbert B. Weisman, William J. Becket, Becket & Lee, Malvern, PA, for appellant.

Fred S. Hjelmeset, Law Offices of Reidun Stromsheim, San Francisco, CA, for appellee.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW,[2] Circuit Judges.

Opinion by Judge O'SCANNLAIN; Dissent by Judge HAWKINS

O'SCANNLAIN, Circuit Judge:

How do we count the time within which a preferential transfer in bankruptcy occurs when the 90th day before the filing date of the petition falls on a Saturday?

I

On February 29, 1996, Thomas A. Greene and Bobby Jean Greene (collectively, "the Greenes") tendered a check for $21,998.71 to MBNA America ("MBNA"). The check cleared the Greenes' bank on March 8, 1996, which was a Friday. On June 7, 1996, the Greenes filed a petition for relief under Chapter 7 of the Bankruptcy Code. On August 29, 1996, Jeffry G. Locke, trustee of the Greenes' bankruptcy estate ("the Trustee"), filed a complaint against MBNA in bankruptcy court, seeking to recover the Greenes' payment to MBNA as a preferential transfer capable of being avoided by the Trustee under 11 U.S.C. § 547(b). MBNA moved for summary judgment, arguing that the transfer could not be avoided because it fell outside the 90–day preference period of § 547(b). The bankruptcy court granted MBNA's motion.

The Trustee appealed to the district court. In determining whether the Greenes' payment to MBNA fell within the 90–day preference period, the district court counted backward from June 7, 1996, and concluded that the 90th day was March 9, 1996, a Saturday. Because the 90th day fell on a non-business day, the district court counted back to the previous

2. Judge Wardlaw was drawn to replace Judge Wiggins, who died subsequent to submission of the case. She has read the briefs and reviewed the record. Because the case was submitted without oral argument, there were no transcripts or tapes of argument to review.

business day, March 8. Because the transfer to MBNA took place on that day, when the check cleared the Greenes' bank,[3] the district court held that the transfer fell within the preference period and was avoidable under § 547(b). The district court therefore reversed the bankruptcy court's grant of summary judgment to MBNA. Although the Trustee had not so moved, the district court also granted summary judgment in the Trustee's favor.

■ MBNA filed this timely appeal.[4]

## II

This case requires us to answer two closely related questions. First, we must determine whether Federal Rule of Bankruptcy Procedure 9006(a)—which extends an applicable period to include the next business day where the last day falls on a Saturday, Sunday, or legal holiday—by its terms applies to the 90–day period for avoidance of a preferential transfer under 11 U.S.C. § 547(b)(4)(A). Second, we must decide whether such application would be permissible under the Rules Enabling Act, 28 U.S.C. § 2075.

### A

■ We begin our analysis, as we must, with the governing provisions of the Bankruptcy Code and Rules. Section 547 of the Bankruptcy Code provides, subject to exceptions not relevant here, as follows:

(b) [T]he trustee may avoid [i.e., rescind and recover for the bankruptcy estate] any transfer of an interest of the debtor in property —

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made —

(A) *on or within 90 days before the filing date of the petition* ...

(5) that enables such creditor to receive more than such creditor would receive if —

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547 (emphasis added).[5] The crucial provision for purposes of this case is § 547(b)(4)(A), which requires that a transfer, in order to be avoidable as a preference, must have been made on the date the bankruptcy petition was filed or "within 90 days before the filing date of the petition." As the statutory text quoted above indicates, the timing of the transfer is one of several elements that must be satisfied before a transfer can be recovered as a preference.

■ As the Supreme Court made clear in *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993), with respect to interpretation of the Bankruptcy Code, "[w]here the statutory language is clear, our 'sole function ... is to enforce it according to its terms'." *Id.* at 471, 113 S.Ct. 2187 (citation omitted); *see also Gardenhire v. United States Internal Revenue Service (In re Gardenhire)*, 209 F.3d 1145, 1148 (9th Cir.2000) ("Close adherence to the text of the relevant statutory provisions and rules is especially appropri-

---

**3.** For purposes of § 547(b), a transfer occurs when the check is honored by the debtor's bank. *See Barnhill v. Johnson*, 503 U.S. 393, 395, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).

**4.** In deciding this appeal, "[w]e independently review the bankruptcy court's decision and do not give deference to the district court's determinations." *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir.1999). Grants of sum-

mary judgment are reviewed de novo. *See Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 578 (9th Cir.1998).

**5.** Subsequent references to statutory sections or procedural rules refer to the Bankruptcy Code (11 U.S.C.) and the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

ate in a highly statutory area such as bankruptcy."). The language of § 547(b)(4)(A) is clear, and it applies in straightforward fashion. The bankruptcy petition in the Greenes' case was filed on June 7, 1996. Assuming satisfaction of the other statutory requirements, a transfer that took place on June 7, 1996, would have been avoidable as a transfer made "on . . . the filing date of the petition." A similar transfer that took place on June 6, 1996, would have been avoidable as having been made "within [one day] before the filing date." Extrapolating backward, an otherwise avoidable transfer that took place on March 9, 1996, would have been avoidable as having been made "within ninety days before the filing date of the petition." The transfer sought to be avoided by the Trustee was made on March 8, 1996, *ninety-one* days before the petition in the Greenes' case was filed. Accordingly, it is not avoidable as a preferential transfer under § 547(b).

### B

■ The Trustee attempts to avoid the plain language of the preference statute by invoking Federal Rule of Bankruptcy Procedure 9006(a). Rule 9006(a), which essentially applies Federal Rule of Civil Procedure 6(a) in the bankruptcy context,[6] provides as follows:

> In computing any period of time prescribed or allowed by these rules . . . or by any *applicable* statute, the day of the act, event, or default from which the designated period of time begins to run

shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Bankr.P. 9006(a) (emphasis added). The Trustee argues that because the ninetieth day before the filing of the petition, March 9, 1996, was a Saturday, Rule 9006(a) applies to make the last day of the preference period Friday, March 8, 1996. According to the Trustee, because the transfer to MBNA took place on March 8, it can be recoverable as a preferential transfer.

■ To evaluate the Trustee's argument, we must determine whether § 547(b)(4)(A), in providing for a 90–day preference period, constitutes an "applicable statute" within the meaning of Rule 9006(a).[7] In making this determination, we draw guidance from the following discussion of a leading treatise:

> In determining what statutes are "applicable" and, hence, to be construed in light of Rule 9006(a), it is necessary to consider the scope of the rules themselves. Rule 1001 provides that the Bankruptcy Rules "govern procedure in cases under title 11 of the United States Code." . . . . It follows, then, that Rule 9006(a) does not provide a general rule of statutory construction which the courts are bound to apply to all time periods mentioned in any statute that

**6.** There are some minor differences, not relevant here, between Rule 9006(a) and Rule 6(a) with respect to when intermediate Saturdays, Sundays, and legal holidays are to be excluded in the computation of short time periods.

**7.** Although MBNA did not specifically argue that § 547(b)(4)(A) is not an "applicable statute," it did raise the issue of Rule 9006(a)'s applicability with respect to the Rules Enabling Act. In light of MBNA's general contention that a distinction must be drawn between "situations in which the expansion of time by operation of [Rule 9006(a)] is applicable, and situations in which such an expan-

sion of time is both inappropriate and inapplicable," we are untroubled by MBNA's failure to ground its argument more firmly in the Code's "applicable statute" language. Indeed, it is well-established that "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law, even where the proper construction is that a law does not govern." *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (alteration in original).

may come before the court, nor does the rule apply to time periods mentioned in other documents, such as contracts. 10 *Collier on Bankruptcy* ¶ 9006.03 (Lawrence P. King ed., 15th ed. rev.2000). We also take note of the Advisory Committee Notes to Rule 9006, which explain that Rule 9006(a) "governs the time for *acts to be done* and *proceedings to be had* in cases under the Code and any litigation arising therein." Fed. R. Bankr.P. 9006(a) advisory committee's note (emphases added).

Applying the foregoing observations about Rule 9006(a) to the case before us, we conclude that § 547(b)(4)(A) does not constitute an "applicable statute" under the Rule. The occurrence and timing of a pre-petition transfer that later becomes the subject of a § 547 action do not constitute "procedure in [a case] under title 11 of the United States Code," since the transfer is made independently of any judicial action and thus is not an "act[ ] to be done [or] proceeding[ ] to be had" in a bankruptcy case. Most importantly, a transfer can take place *on any day of the week,* including a weekend or holiday, and therefore does not require the bankruptcy court to be open for business. A transfer thus does not implicate the purpose of Rule 9006(a), which is "to encourage courts to read the Code's sometimes draconian catalogue of time limits in a manner that is fair to the party against whom the time limit is running, i.e., to guarantee that no party is shortchanged by an unfortunately-positioned weekend or holiday." *Smith v. United States* (*In re Smith* ), 96 F.3d 800, 802 (6th Cir.1996).

We recognize that several courts have either applied or suggested the applicability of Rule 9006(a) or its predecessor to the preference period of § 547(b)(4).[8] We have two observations with respect to these authorities. First, most of these decisions invoke Rule 9006(a) for the (rather limited) purpose of calculating the 90–day period by excluding the day of the event from which the period begins to run and including the final day of the period. While it may make sense to apply this *principle* of Rule 9006(a) by analogy, *see* 10 *Collier on Bankruptcy* ¶ 9006.03, the Rule itself is inapplicable. Second, the courts that have applied Rule 9006(a) to the § 547(b) preference period generally have done so automatically, without conducting any inquiry into the appropriateness of utilizing a rule of bankruptcy procedure to calculate the timing of a transfer, which can take place at any time and is therefore clearly independent of "procedure in cases under title 11." In light of the explicit limitations upon the scope of the Bankruptcy Rules, we have no difficulty in concluding that § 547(b)(4)(A) is not an "applicable statute" within the meaning of Rule 9006(a).

In finding Rule 9006(a) inapplicable to calculation of the 90–day preference period, we draw support from the Sixth Circuit's carefully reasoned decision in *Smith v. United States* (*In re Smith* ), 96 F.3d 800 (6th Cir.1996). The issue in *Smith* was whether the bankrupt plaintiff's tax debt to the federal government was dischargeable in bankruptcy. Under § 523(a)(1)(B)(ii), income tax debts are not dischargeable if, *inter alia,* the tax return "was filed ... after two years before the date of the filing of the [bankruptcy] petition." The period two years before the filing of Smith's bankruptcy petition began on November 23, 1991, and his tax return

---

**8.** *See, e.g., Nelson Co. v. Counsel for the Official Committee of Unsecured Creditors (In re Nelson Co.),* 959 F.2d 1260, 1265 (3d Cir. 1992); *Harbor Nat'l Bank v. Sid Kumins, Inc.,* 696 F.2d 9, 10 & n. 1 (1st Cir.1982); *Prior v. Farm Bureau Oil Co. (In re Prior* ), 176 B.R. 485, 496 n. 9 (Bankr.S.D.Ill.1995); *Levinson v. Security Sav. Bank, SLA (In re Levinson* ), 128 B.R. 365, 368 (Bankr.S.D.N.Y.1991); *Pineo v. Charley Bros. Co. (In re J.A.S. Markets,* *Inc.),* 113 B.R. 193, 197–98 (Bankr.W.D.Pa. 1990); *Wilmington Nursery Co., Inc. v. Burkert (In re Wilmington Nursery Co.),* 36 B.R. 813 (Bankr.E.D.N.C.1984); *Meister v. State Nat'l Bank (In re Mailbag Int'l, Inc.),* 28 B.R. 905, 909 (Bankr.D.Conn.1983) (applying Bankruptcy Rule 906(a), precursor to Rule 9006(a), to the preference period); *Grimaldi v. John A. Ruell, Inc. (In re Grimaldi* ), 3 B.R. 533, 535 (Bankr.D.Conn.1980) (same).

was filed on November 25, 1991, which caused Smith's debt to fall within the period of nondischargeability. Relying on Bankruptcy Rule 9006(a), Smith argued that because November 23, 1991, was a Saturday, "the two-year period should not begin until the following Monday, November 25," when Smith's return was filed. 96 F.3d at 802. Therefore, in Smith's view, his tax debt was properly dischargeable.

The Sixth Circuit rejected Smith's argument, and in doing so offered an insightful analysis of Rule 9006(a) and its true purpose:

> We do not believe that Rule 9006 can be put to the purpose Smith proposes. The Rule contemplates a deadline given to a party to take some action. .... The reason for the rule is to encourage courts to read the Code's sometimes draconian catalogue of time limits in a manner that is fair to the party against whom the time limit is running, i.e., to guarantee that no party is shortchanged by an unfortunately-positioned weekend or holiday.

> What Smith asks us to do with Rule 9006 is quite different. Here we are *not dealing with bankruptcy procedural rules* but with the *legal status of a debt* at the time of the filing of the petition. There is no claim that Smith did not have adequate time to accomplish something.... For these reasons, the district court correctly held that Rule 9006 did not apply [to the two-year period of § 523].

*Id.* (emphases added).

The analysis of our sister circuit, rejecting an attempt to apply Rule 9006(a) to a statute quite similar to § 547(b), strongly supports the conclusion we reach today. Bankruptcy Rule 9006(a) is strictly procedural, and it simply lacks relevance in determining "the legal status of a [transfer] at the time of the filing of the petition." The Greenes' transfer to MBNA thus fell outside the preference period, and the transfer cannot constitute a preference under § 547 as a matter of law. The bankruptcy court correctly so held, and

the district court erred in holding otherwise.

### C

■ Even if Bankruptcy Rule 9006(a) could be construed as applying, by its terms, to the 90–day preference period of § 547(b)(4)(A), our ultimate conclusion would not change. Under the Rules Enabling Act, the Supreme Court's power to promulgate the Bankruptcy Rules is limited by the provision that "[s]uch rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Applying Rule 9006(a) to extend the 90–day preference period in the manner urged by the Trustee would be inconsistent with this express condition.

We reach this conclusion based on the persuasive reasoning offered by the Bankruptcy Appellate Panel in *Research Group 80–21 v. Kendall (In re Bergel)*, 185 B.R. 338 (9th Cir. BAP 1995), which we now adopt in part as set forth below:

> In order to resolve [whether Rule 9006(a) may be used to extend the 90–day preference period of § 547(b)(4)(A)], we must determine whether the "90 day" element of § 547(b) is procedural or substantive. If it is merely procedural, then Rule 9006(a) would allow the 90 days to be extended, as argued by the trustee. If, however, it is a substantive element of § 547(b), then 28 U.S.C. § 2075 precludes its extension beyond 90 days.

> A substantive element differs from a procedural requirement for an act to be done such as the filing of a complaint or a motion prior to a certain deadline. In fact, unlike a complaint or motion that must be filed with the court *while the clerk's office is open,* a transfer can occur *at any time.*

> With this question in mind, we will now discuss the above referenced cases [cited] by the [parties]. [W]e conclude that none of those cases are dispositive, because they all involve situations in which affirmative acts were required to

be performed, i.e., *In re Butcher*, 829 F.2d 596, 601 (6th Cir.1987) (filing a complaint); *In re Victoria Station, Inc.*, 840 F.2d 682 (9th Cir.1988) (filing a motion); and *Hart v. United States*, 817 F.2d 78 (9th Cir.1987) (filing a complaint). Therefore, the time requirements in those cases were clearly procedural.

However, we agree with the reasoning of *In re Enterprise Fabricators, Inc.*, 36 B.R. 220 (Bankr.M.D.Tenn.1983), which involved the identical issue before us, namely the trustee's substantive rights under § 547(b)(4).

It is clear that the power to avoid any preferential transfer within 90 days before the date the petition was filed is a substantive element of a cause of action under § 547(b). Section 547(b) *does not require any affirmative act by the trustee.* Rather, it *creates a statutory period* in which certain transfers are voidable by the trustee.

We therefore hold that the use of Rule 9006(a) to extend the preference period beyond the limitations set forth in § 547(b)(4)(A) is an impermissible enlargement of the trustee's substantive right to avoid transfers....

*Id.* at 341 (emphases added) (footnotes omitted).

The *Bergel* court's analysis of the distinction between substantive and procedural elements is firmly grounded in the Rules Enabling Act as interpreted by the Supreme Court. In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Court explained that in determining whether a rule is substantive or procedural for purposes of the Act, the controlling inquiry is "whether a rule regulates procedure,—the judicial process for enforcing rights and duties recognized by the substantive law and for justly administering remedy and redress for disregard or infraction of them." *Id.* at 464, 85 S.Ct. 1136 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S.Ct. 422, 85 L.Ed. 479 (1941)). The *Hanna* Court contrasted such procedural rules, which are valid even if they have some "incidental" impact upon

litigants' rights, with substantive rules that impermissibly "operate to abridge, enlarge or modify *the rules of decision by which [a] court will adjudicate [a litigant's] rights."* *Id.* at 465, 85 S.Ct. 1136 (quoting *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 446, 66 S.Ct. 242, 90 L.Ed. 185 (1946) (emphasis added)).

Under the *Hanna* analysis, the timing of a transfer between two private parties is not procedural because it is independent of "the judicial process for enforcing rights and duties recognized by the substantive law." *Id.* at 464, 85 S.Ct. 1136. Rather, the statutory mandate that a transfer, in order to be avoidable, be made "on or within 90 days before the filing date of the petition" is a "rule[ ] of decision" by which a court will adjudicate a bankruptcy trustee's substantive right to avoid a transfer. In other words, the preference statute's transfer timing requirement does not affect "the process of enforcing litigants' rights," but instead determines the existence of "the rights themselves." *Burlington Northern R.R. Co. v. Woods*, 480 U.S. 1, 8, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987). Applying Rule 9006(a) to § 547(b)(4)(A) would bestow upon the Trustee an avoidance power greater than what he is entitled to under the statute. The judicial frustration of congressional intent under the guise of regulating "procedure," or legislation masked as mere "judicial housekeeping," is the very evil against which the Rules Enabling Act's caveat is directed.

Noting that changes to procedural rules "may and often do affect the rights of litigants," *Hanna*, 380 U.S. at 465, 85 S.Ct. 1136, the Trustee argues that applying Rule 9006(a) to extend the preference period does not violate the Rules Enabling Act because any effect upon substantive rights is, according to the Trustee, "minimal." What the Trustee fails to recognize, however, is that the difference between substance and procedure is not one of degree, but of kind. For purposes of the Rules Enabling Act, a procedural rule is one that governs "the judicial process

for enforcing rights and duties recognized by the substantive law," while a rule that impermissibly alters substantive rights is one that modifies "the rules of decision by which [a] court [resolves disputes]." *Id.* at 464–65, 85 S.Ct. 1136 (citations omitted). Changing a purely procedural rule is not invalid under the Rules Enabling Act simply because it has some minor collateral effect upon litigants' rights. Nevertheless, applying a purportedly procedural rule in a manner that alters *the rules of decision* by which a court determines the rights of the parties is substantive; such application does not become "procedural" simply because the impact upon substantive rights is, according to one of the parties, a modest one. The dispositive inquiry under the Rules Enabling Act is what the rule regulates, not the magnitude of the regulation. *See Hanna,* 380 U.S. at 464, 85 S.Ct. 1136.

In sum, because Bankruptcy Rule 9006(a) does not, and in any event *cannot,* apply to extend the 90–day period of § 547(b)(4), the Greenes' transfer to MBNA fell outside the time period provided for by statute. Like the *Bergel* court, we conclude that "[b]ecause the alleged preference was made 91 days prior to the date of the filing of the petition, . . . the transfer cannot be avoided by the trustee pursuant to § 547(b)(4)(A)." 185 B.R. at 341.

### III

MBNA offers an additional argument to support reversal of the district court. MBNA contends that even if Rule 9006(a)

could apply to extend the § 547 preference period, the district court nevertheless erred in calculating the 90–day period by counting backward from the date the bankruptcy petition was filed.[9] According to MBNA, the district court should have counted the 90 days forward from the date of the transfer to the filing of the petition. Under MBNA's approach, the 90th day after the transfer was June 6, 1996—neither a weekend nor a holiday—and therefore June 7, 1996, the filing date of the bankruptcy petition, fell outside the 90–day preference period.

A great deal of ink has been spilt over the rather difficult and obscure question of whether preference periods should be calculated by counting backward or forward, and the courts that have struggled with the issue have reached divergent results.[10] Our conclusion as to the inapplicability of Rule 9006(a) felicitously renders this messy dispute irrelevant. Under our decision, a 90–day period is a 90–day period.[11] The only inquiry made relevant by the terms of the statute is whether the transfer took place "within 90 days before the date of the filing of the petition," and the answer to this question remains the same regardless of whether one counts forward from the transfer date or backward from the bankruptcy filing date. *See Levinson v. Security Sav. Bank, SLA (In re Levinson),* 128 B.R. 365, 368 (Bankr.S.D.N.Y. 1991) (explaining that "[w]hether one counts forward from the transfer date, or backward from the petition date, is signifi-

9. MBNA also argues that the district court erroneously granted summary judgment to the Trustee even though the Trustee had not established all elements necessary to avoid a transfer under § 547(b). In light of our reversal based on the inapplicability of Rule 9006(a), we need not and do not reach this contention.

10. *Compare Wilmington Nursery Co., Inc.,* 36 B.R. at 816 (employing a forward count); *Poston v. Ford (In re Ford),* 34 B.R. 93, 94–95 (Bankr.W.D.Va.1983); *Meister,* 28 B.R. at 909, *with Nelson Co.,* 959 F.2d at 1266 (employing a backward count); *Prior,* 176 B.R. at 495; *Carl Subler Trucking, Inc. v. Kingsville-*

*Ninety Auto/Truck Stop, Inc. (In re Carl Subler Trucking, Inc.),* 122 B.R. 318, 321 (Bankr. S.D.Ohio 1990); *Pineo,* 113 B.R. at 198; *Rafoth v. First Nat'l Bank (In re Baker & Getty Fin. Servs., Inc.),* 98 B.R. 300, 307 (Bankr. N.D.Ohio 1989); *Johnson v. Keller (In re Antweil),* 97 B.R. 63, 64 (Bankr.D.N.M.1988); *Newton v. Andrews Distrib. Co. (In re White),* 64 B.R. 843, 847 (Bankr.E.D.Tenn.1986); *Deutscher v. O'Neal Steel Corp. (In re Enter. Fabricators, Inc.),* 36 B.R. 220, 223 (Bankr. M.D.Tenn.1983).

11. *Cf. Gardenhire,* 209 F.3d at 1152 ("[T]his language means just what it says. A 180–day period is a 180–day period.").

cant only if the terminal date falls on a Saturday, Sunday, or legal holiday, [and if one applies] Bankruptcy Rule 9006(a)" to extend the period).

In essence, our holding avoids introduction of a "useless step[ ]" into the preference period analysis, namely, determination of whether to employ a forward or a backward count; "we slice [this] off with Occam's Razor and leave a more functional rule." *Bonded Fin. Servs., Inc. v. European Am. Bank,* 838 F.2d 890, 894 (7th Cir. 1988). That our interpretation of § 547(b)(4)(A) and Rule 9006(a) yields a clear, straightforward, and easily administrable framework for calculating the preference period provides additional confirmation of the correctness of our conclusion.

## IV

Section 547(b)(4) of the Bankruptcy Code requires that a transfer, in order to be avoidable as a preference, must take place "within 90 days before the date of the filing of the petition." Although this requirement might be described as "technical" and "arbitrary," these qualities do not by themselves render it "procedural." "Procedural" and "technical," while often found in each other's company, should not be confused and are by no means synonymous. Accordingly, we reiterate that, despite its technical aspect, the timing requirement of § 547(b)(4)(A) does not implicate Bankruptcy Rule 9006(a), which is strictly procedural. To the extent that Rule 9006(a) could be construed as capable of expanding the preference period beyond the statutorily-specified time, it runs afoul of the Rules Enabling Act.

The plain language of 11 U.S.C. § 547(b)(4)(A) and the purpose of Bankruptcy Rule 9006(a) both compel the same conclusion: Rule 9006(a) does not and cannot extend the 90–day preference period. Accordingly, because the payment to MBNA occurred outside the preference period, it was not avoidable by the Trustee.

REVERSED and REMANDED.

MICHAEL DALY HAWKINS, Circuit Judge, dissenting:

This is an issue about which reasonable minds can differ. I take a different view than the majority because I believe that the rule established today will make the job of bankruptcy trustees measurably more difficult. I also think that some entirely meritorious claims against those who engage in fraudulent transfers will be lost as a result.

The majority concludes that Rule 9006(a) cannot be used to extend the preference period because 11 U.S.C. § 547(b) is not an "applicable statute" and because application of the rule to the preference period would violate the Rules Enabling Act. As to the first point, I simply note that every court to consider the issue has assumed or concluded that section 547(b) is an "applicable statute" under Rule 9006(a). *See e.g., In re Nelson,* 959 F.2d 1260, 1266 (3rd Cir.1992); *Harbor Nat'l Bank of Boston v. Sid Kumins, Inc.,* 696 F.2d 9, 10 (1st Cir.1982); *In re Prior,* 176 B.R. 485, 497 (Bankr.S.D.Ill.1995); *In re Levinson,* 128 B.R. 365, 366 (Bankr. S.D.N.Y.1991); *In re J.A.S. Markets, Inc.,* 113 B.R. 193, 197 (Bankr.W.D.Pa.1990); *In re Mailbag International, Inc.,* 28 B.R. 905, 909 (Bankr.D.Conn.1983); *In re Grimaldi,* 3 B.R. 533, 535 (Bankr.D.Conn. 1980).

Even the appellant in this case appears to concede that section 547(b) is an "applicable statute." MBNA has argued only that application of Rule 9006(a) to the preference period would violate the Rules Enabling Act, not that section 547(b) is not an "applicable statute." The majority has raised this issue on its own. And while the majority's analysis is certainly plausible, I do not find it strong enough to overcome the consensus among the courts that section 547(b) is an "applicable statute" under Rule 9006(a).

As to the majority's second conclusion, I disagree that application of Rule 9006(a) to the preference period is substantive rather than procedural. The Supreme Court has stated that a rule is not substantive merely because it has incidental effects on substantive rights and that procedural rules "may and often do affect the rights of litigants." *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (quoting *Mississippi Pub. Corp. v. Murphree,* 326 U.S. 438, 445, 66 S.Ct. 242, 90 L.Ed. 185 (1946)). Thus, although a statute of limitations defines the statutory period within which a plaintiff may file a lawsuit, this court and most others have held that application of Rule 9006(a) and Federal Rule of Civil Procedure 6(a) to statutes of limitations is allowable under the Rules Enabling Act. *See In re Victoria Station Inc.,* 840 F.2d 682, 684 (9th Cir. 1988); *Hart v. United States,* 817 F.2d 78, 80 (9th Cir.1987); *In re Hill,* 811 F.2d 484 (9th Cir.1986); *Bartlik v. U.S. Dep't of Labor,* 62 F.3d 163, 166 (6th Cir.1995); *see also* 4A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1163, at 465 n. 12 (2d. ed.1987) (listing cases).

The majority argues that section 547(b) is different because it does not require any affirmative act by the trustee, but rather creates a statutory period within which certain transfers are avoidable. I find this distinction unpersuasive. Rule 9006(a) and Federal Rule of Civil Procedure 6(a) ensure that parties will not be frustrated by an inconveniently placed weekend or holiday. And like the trustee in this case, a party can be frustrated by an inconveniently placed weekend or holiday regardless of whether he is required to perform an affirmative act.

The majority also argues that unlike the filing of a complaint or motion, a transfer can occur at any time, including a weekend. But under *Barnhill v. Johnson,* 503 U.S. 393, 396, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992), a transfer does not occur until the check is honored by the debtor's bank. Thus, unless a debtor's bank is open on a weekend, it is unlikely that transfers will occur between Friday and Monday.

I would reverse the summary judgment grant and remand, through the district court, back to the bankruptcy court to resolve the Trustee's claim on the merits.