**In re David A. HEBERT and Dianne M. Hebert, Debtors.**

**David A. HEBERT and Dianne M. Hebert, Plaintiffs,**

**v.**

**S.S. HARTWELL & CO., INC., Defendant.**

**Bankruptcy No. 93–40891–JFQ. Adv. No. 93–4156.**

United States Bankruptcy Court, D. Massachusetts.

Jan. 20, 1994.

William E. Martin, Martin Law Offices, Pittsfield, MA, for David and Dianne Hebert.

James A. Brett, Reed, O'Reilly & Brett, Boston, MA, for S & S Hartwell & Co., Inc.

*OPINION*

JAMES F. QUEENAN, Jr., Chief Judge.

Before the court is the motion for summary judgment filed by the debtors, David A. Hebert and Dianne M. Hebert (the "Debtors"). The Debtors' complaint seeks to avoid the $28,000 attachment made on the Debtors' home by S.S. Hartwell & Co., Inc. ("Hart-

well"). The complaint seeks to avoid the attachment as a preference based upon the Debtors' preference avoidance rights under section 522(h).

The Debtors' affidavit establishes they were insolvent at all relevant times. The only question to be resolved is whether Hartwell's attachment is a transfer "made" on or within 90 days before the date of filing of the Debtors' petition under chapter 7 on March 30, 1993.

On December 10, 1992, a state court entered an order approving the attachment. Due to "inadvertence," Hartwell's counsel failed to comply with the state law mandate stating the attachment "shall be made within 30 days after the order approving the writ of attachment." See Rule 4.1(c) of Massachusetts Rules of Civil Procedure. The state court again approved the attachment on January 29, 1993. On February 1, 1993, the sheriff endorsed on the writ that he had "attached" the property. On that same day, he recorded the writ in the Middle District of Berkshire County Registry of Deeds.

Hartwell contends the effective date of the attachment was on December 10, 1992, the date of the first court order. That is not so for two reasons. First, that order became ineffective due to noncompliance with the thirty day time restriction imposed by Rule 4.1(c).

Second, the entry of a court order approving an attachment does not bring about any transfer. Section 547(b) of the Bankruptcy Code, quoted in the margin,[1] allows a trustee to recover certain transfers of the Debtor's property made prior to filing. Several requirements must be met to qualify a transfer as a voidable preference. The present dispute centers around section 547(b)(4)(A) which requires the transfer to be "made" on or within 90 days of the filing of the petition.

Section 547(e)(2)(A) states that a transfer is "made . . . at the time such transfer takes effect between the transferor and the transferee, if such transfer is *perfected* at, or within ten days after, such time." Perfection of a transfer of real property, according to section 547(e)(1)(A), occurs when a bona fide purchaser of the property from the debtor cannot acquire an interest superior to the interest of the transferee.

Neither a transfer nor perfection occurred on December 10th (or January 29th). All that took place was court authorization, not actual attachment. This is clear from the writ, which is addressed to the sheriff and states in part: "We command you to attach the goods or estate of defendant. . . ." The statutory scheme confirms that it is the sheriff who effects attachments. "In attaching land, or a right to interest therein, the officer need not enter upon the land or be within view of it." *Mass.Ann.Laws* ch. 223, § 62 (Law.Co-op.1986). It was not until February 1 that the sheriff stated on the writ that he had "attached" the property and presented the writ to the Registry for recording. Because the writ was "deposited" with the Registry within three days of the attachment, the attachment took affect on the day it was made, pursuant to *Mass.Ann.Laws*, ch. 223, § 66.[2] *See Harbor Nat'l Bank v. Sid Ku-*

---

1. (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if—

   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. Mass.Ann.Laws ch. 223 § 66 (Law.Co-op.1986) states:

   If the copy of the writ is deposited, as aforesaid, within three days after the day when the attachment was made the attachment shall take effect from the time it was made, otherwise, from the time when the copy is so deposited; but attachments of land, and of leasehold estates which have an original term of more than seven years, shall in no case be valid against purchasers in good faith and for value,

*mins, Inc.*, 696 F.2d 9 (1st Cir.1982) (under same Massachusetts statutes, attachment is effective for preference purposes when made by sheriff because recorded within three days).

Perfection occurs, under section 547(e)(1)(A), when a bona fide purchaser would no longer be protected against the attachment. Under *Mass.Ann.Laws* ch. 233 § 63 (Law.Co-op.1986),[3] an attachment is valid against a bona fide purchaser upon recordation.

It is therefore obvious for both these reasons that the transfer was made less than ninety days before the March 30 petition filing date.

Because the parties contest only this legal issue, judgment has been entered for the Debtor voiding Hartwell's attachment.

other than parties defendant, before the time when the copy is deposited as aforesaid, and no attachment shall be valid against such purchasers as to any particular parcel of land, or as to any particular leasehold estate as aforesaid, in any case where the name of the owner thereof under which he acquired title thereto as appears on the public records is not included in the writ unless the writ is seasonably amended to include such name and then only from the time when a correspondingly amended copy is deposited as aforesaid.

3. § 63. Deposit of Copy of Writ

No attachment of land or of any leasehold estate shall be valid against a subsequent attaching creditor, or against a subsequent purchaser in good faith and for value, unless the officer deposits a certified copy of the writ of attachment and so much of his return thereon as relates to the attachment of the estate, in the registry of deed for the country or district where the land lies.